ALEXANDER BEAR, APPELLEE, v. JOHN KOENIGSTEIN, APPELLANT, IMPLEADED WITH CHARLES P. MATHEWSON, APPELLEE.

1. **Trusts.** A, B, and C agreed together orally to buy a tract of land, each to contribute one-third of the price, and to have an undivided one-third of the land, the title to be taken in the name of C. The land was purchased in pursuance of the agreement, the consideration being contributed equally. *Held,* That a trust resulted in favor of A and B.

2. ———: SALE. Where the entire purchase price was $3,500, of which $1,000 was paid when the deed was received, $500 to be paid in January following, and $2,000 in two years from the date of sale; and more than sufficient of said real estate had been sold by the person holding the legal title to meet the deferred payments, *Held,* That the sales being made of the joint property inured to the benefit of all.

APPEAL from Madison county. Heard below before BARNES, J.

*J. M. Woolworth* and *Brome & Durland,* for appellant, cited: Perry on Trusts, Vol. I., § 132–133. Browne on Frauds, § 86. Hill on Trustees, p. 127: *Reynolds v. Morris,* 17 Ohio State, 510. *McGowan v. McGowan,* 14 Gray, 119. *Baker v. Vining,* 30 Me., 121. *Sayre v. Townsend,* 15 Wend., 647. *White v. Carpenter,* 2 Paige, 217. *Perry v. McHenry,* 13 Ill., 227. *Crop v. Norton,* 2 Atk., 74. *Cutler v. Tuttle,* 19 N. J. Eq., 561. *Billings v. Clinton,* 6 Rich. (S. C.), 90. *Olcott v. Bynum,* 17 Wall., 44. Willard's Eq. (Potter's Ed.), p. 601. *Fickett v. Durham,* 109 Mass., 422. *Rogers v. Murray,* 3 Paige, 390. *Dudley v. Batchelder,* 53 Me., 403. *Pinnock v. Clough,* 16 Vt., 500. *Taliaferro v. Taliaferro,* 6 Ala., 404. *Barnard v. Jewett,* 97 Mass., 87. *Forsythe v. Clark,* 3 Wend., 637. *Steere v. Steere,* 5 Johns. Ch., 1. *Jackson v. Moore,* 6 Cow., 706. *Buck v. Pike,* 2 Fairf., 9. *Graves v. Dugan,* 6 Dana, 332. *Gee v. Gee,* 2 Sneed, 395. *Kelly v. Johnson,* 28 Mo., 249. *Nixon's App.,* 63 Pa. St., 279. *Sheldon v. Harding,* 44 Ill., 68.

*George E. Pritchett,* for appellee Bear, cited: Perry on Trusts, § 133. *Aveling v. Knipe,* 19 Ves., 441. *Lounsbury v. Purdy,* 16 Barb., 380, aff'd in 18 N. Y., 515. *Hoehne v. Breitkreitz,* 5 Neb., 110. *Boyd v. M'Lean,* 1 John. Ch., 582. *Bryant v. Hendricks,* 5 Iowa, 256. *Brooks v. Ellis,* 3 Greene (Ia.), 529. *Morey v. Herrick,* 18 Pa. St., 123. *Smith v. Smith,* 85 Ill., 189. *Rhea v. Tucker,* 56 Ala., 450. *Kelley v. Johnson,* 28 Mo., 249. *Byers v. Wackman,* 16 O. S., 441. *Trustees, &c., v. Wheeler,* 5 Lansing, 160. *McGowan v. McGowan,* 14 Gray, 119.

*W. M. Robertson* and *N. A. Rainbolt,* for appellee Mathewson, cited: 2 Story's Eq. Jur., § 1201a. *Burden v. Sheridan,* 36 Iowa, 128. *King v. Wise,* 43 Cal., 629.

MAXWELL, J.

This action was brought to enforce a resulting trust. A decree was rendered in the court below in favor of the plaintiff, and defendant Mathewson, from which the defendant Koenigstein appeals to this court.

The testimony tends to show that on the 10th day of August, 1879, the plaintiff and defendants agreed together orally to buy of one Dedermann a quarter section of land adjoining the town of Norfolk, each to contribute one-third of the purchase price and to have an undivided one-third of the land; that Koenigstein being well acquainted with Dedermann, was to make the purchase and take the title in his own name; that in pursuance of this agreement between the parties, Koenigstein did, on the 11th of August, 1879, purchase the land in question for the sum of $3,500, of which $1,000 was paid on the delivery of the deed, on that day, $500 was to be paid on the first day of January following, and $2,000 in two years from the date of purchase; that Koenigstein thereupon laid the land out into an addition to the town of Norfolk and proceeded to sell lots, and before January 1st, 1880, he had received more than sufficient money from said sales to pay the $500 then due Dedermann, and before August 11th, 1882, had received more than sufficient to pay the $2,000, then falling due. Koenigstein contends that he merely borrowed the money from Mathewson, and that therefore he (Mathewson) had no interest in the land whatever. There is testimony to that effect, but the clear weight of the evidence sustains the finding of the trial court. The attorneys for Koenigstein contend that the plaintiff and Mathewson must each have paid his share of the purchase money—not a part, but the whole—to entitle them to enforce the trust. This is undoubtedly the law. The doctrine of resulting trusts rests upon the principle that a trust results in favor of him who advanced the consideration. *Willis v. Willis*, 2 Atk., 71.

*Botsford v. Burr,* 2 Johns. Ch., 405.   If, therefore, the party alleging the trust made no payment, no trust results in his favor.   In this case, however, the testimony shows that the entire amount of the consideration, except the $1,000 paid at the time of the purchase, was paid out of the proceeds of the sales of the land, the joint property of these parties.   This being so, it inured to the benefit of all. It is the duty of a court, as far as possible, to prevent the statute of frauds from being used to enable parties to perpetrate a fraud.   And where the contract and payment of the consideration are clearly established, to enforce the contract.   In our view both are clearly shown in this case, and it is apparent that justice has been done.   The decree of the court below is in all things affirmed.

DECREE AFFIRMED.

THE other judges concur.