L. D. REYNOLDS, APPELLEE, V. G. P. DIETZ ET AL.,
APPELLANTS.

[FILED MARCH 23, 1892.]

1. **Appeal:** BILL OF EXCEPTIONS: FAILURE TO SERVE ON ALL. In appeal cases, where the interests of the parties plaintiff or defendant are so connected that the appeal necessarily will bring up the entire record, the failure to serve the bill of exceptions on some of such parties will not be cause for quashing the bill.

2. **Trusts:** MORTGAGES: FORECLOSURE: DEFICIENCY. In an action to foreclose a mortgage on certain real estate it was alleged in the petition, in substance, that after the execution of the mortgage the land had been sold to B. and others named, who assumed the mortgage as a part of the consideration for the land; the title being taken in the name of B. as trustee. These allegations were denied in the answer. The proof tended to show that the land had been valued at $20,000; that certain parties named had each taken a tenth interest in the land, paying therefor in cash $1,140, subject to the mortgage of $8,600 on the entire tract. *Held*, That the trustee had the title in trust for those who advanced the consideration, and that in case of deficiency after sale of the mortgaged premises, each shareholder would be liable therefor in proportion to the amount of his separate interest in the property, and no more.

3. That the counter-claim of S. for services was properly rejected, as the proof failed to show a contract with the defendants, which authorized him to render such services.

APPEAL from the district court for Adams county Heard below before GASLIN, J.

*M. A. Hartigan,* for appellants Bostwick and Sawyer:

The appeal by one defendant, under such a condition of facts as this, brings up the whole record. (*Lepin v. Paine,* 18 Neb., 629–31; *McHugh v. Smiley,* 17 Id., 626; *Taylor v. Courtnay,* 15 Id., 196; Maxwell, Pl. & Pr. [4th Ed.], 424; Id., "Appeals," 794; *Wilcox v. Raben,* 24 Neb., 370; *Glass v. Greathouse,* 20 O., 503; *Hocking Valley Bank v. Walters,* 1 O. St., 201; *Emerick v. Armstrong,* 1

O., 513; *Turner v. Althaus*, 6 Neb., 73; *Rector v. Rotton*, 3 Id., 171; *Dodge v. Allis*, 27 Minn., 376; 2 Tidd's Practice, 861; 1 Burrill's Practice, 456; 2 Thompson, Trials, sec. 2771; *Ferris v. McClure*, 40 Ill., 99; *Smith v. Newland*, Id., 100; *Mason v. Bair*, 33 Id., 194; *McClure v. R. Co.*, 9 Kan., 373; *Kan. Pac. Ry. v. Simpson*, 11 Id., 495–8; *Morehead v. Adams*, 18 Neb., 571; *Greenwood v. Cobbey*, 24 Id., 651; *Scribner v. Gay*, 5 Mich., 511; *Van Valkenburg v. Rogers*, 17 Mich., 322; *Tefft v. Windsor*, Id., 425; *Challiss v. Parker*, 11 Id., 395–8; *Scott v. Waldeck*, 11 Neb., 525–6.) The appeal of defendants was general. (*Maholm v. Marshall*, 29 O. St., 611–14; *Porter v. R. Co.*, 1 Neb., 14; *Cropsey v. Wiggenhorn*, 3 Id., 108; *Crowell v. Galloway*, Id., 215.) The defendants could not plead the statutes of fraud. (*McWilliams v. Lawless*, 15 Neb., 131; *Harris v. Roberts*, 12 Id., 631; *Gartrell v. Stafford*, Id., 545; *Galley v. Galley*, 14 Id., 174; *Lipp v. Hunt*, 25 Id., 94; *Bear v. Koenigstein*, 16 Id., 65; *Hoehne v. Breitkreitz*, 5 Id., 110; Story, Eq. Juris., sec. 1201, and cases; Perry, Trusts, sec. 133; *Lounsbury v. Purdy*, 18 N. Y., 515; *Day v. Roth*, Id., 448; *Siemon v. Schurck*, 29 Id., 598; *Byers v. Wackman*, 16 O. St., 441; *McGowan v. McGowan*, 14 Gray [Mass.], 119; *Boyd v. McLean*, 1 Johns. Ch. [N. Y.], 582; *Aveling v. Knipe*, 19 Vesey [Eng.], 441.) As to the trust: Perry, Trusts, sec. 127; *Robb's Appeal*, 41 Pa. St., 45; *Bank v. Pollock*, 4 Edw. Ch. [N. Y.], 215; *Follansbe v. Kilbreth*, 17 Ill., 522. As to the deficiency: 1 Jones, Mortgages, sec. 743 and cases; 2 Id., sec. 1713; *Burr v. Beers*, 24 N. Y., 178; *Thompson v. Thompson*, 4 O. St., 350; *Corbett v. Waterman*, 11 Ia., 88; *Moses v. Clerk*, 12 Id., 139; *Sauer v. Steinbauer*, 14 Wis., 71; *Miller v. Thompson*, 34 Mich., 10.

*J. B. Cessna* (*Capps, McCreary & Stevens*, for other appellees, also filed brief), for appellee Reynolds:

The court has jurisdiction, upon this appeal, of all the

defendants. (*Lepin v. Paine*, 18 Neb., 629; *Wilcox v. Raben*, 24 Id., 368; *McHugh v. Smiley*, 17 Id., 626; *Crowell v. Galloway*, 3 Id., 215; *Warren v. Dick*, 17 Id., 245; Freeman, Judgments, sec. 249; *Cohen v. Trowbridge*, 6 Kan., 385; *Marsden v. Soper*, 11 O. St., 503.) Defendants are liable for deficiency. (*Bear v. Koenigstein*, 16 Neb., 65; 1 Perry, Trusts, sec. 126; *Edwards v. Edwards*, 39 Pa. St., 369; *Holmes v. Holmes*, 44 Ill., 168; 4 Kent's Com., 305; Sugdon, Vendors, 622; Hill, Trusts, 56; *Jackson v. Widger*, 7 Cow. [N. Y.], 725; *Lantry v. Lantry*, 51 Ill., 458; *Champlin v. Champlin*, 26 N. E. Rep. [Ill.], 526; *Cooper v. Foss*, 15 Neb., 515; *Shamp v. Meyer*, 20 Id., 223; *Huff's Appeal*, 26 Pa. St., 200; *Trotter v. Hughes*, 12 N. Y., 74; *Merriman v. Moore*, 90 Pa. St., 80; 2 Smith's Leading Cases, 224; *Jones v. Littledale*, 6 Ad. & Ell. [Eng.], 486; *Bollou v. Talbot*, 16 Mass., 461; *White v. Skinner*, 13 Johns. [N. Y.], 307; *Means v. Swormstedt*, 32 Ind., 87; *Hovey v. Magill*, 2 Conn., 680; *Long v. Colburn*, 11 Mass., 97; *Rice v. Gove*, 22 Pick. [Mass.], 158; *Bank of Genesee v. Patchin Bank*, 19 N. Y., 315; *Watervliet Bank v. White*, 1 Denio [N. Y.], 608; *Babcock v. Bernan*, 11 N. Y., 200; *Bank of N. Y. v. Bank of Ohio*, 29 Id., 619; *Smith v. Alexander*, 31 Mo., 193; *Zeigler v. Fallon*, 28 Mo. App., 295; *Lazarus v. Shearer*, 2 Ala., 718; *McClellan v. Reynolds*, 49 Mo., 312.) Defendants ratified the acts of their agent, in the acceptance of this deed, and are therefore bound by the promise made by him. (Tiedeman, Real Estate, sec. 817; *Baker v. Mather*, 25 Mich., 51; *Gilbert v. Petele*, 38 N. Y., 165; *Hand v. Kennedy*, 83 Id., 149; *Lawrence v. Taylor*, 5 Hill [N. Y.], 107; *Briggs v. Partridge*, 64 N.Y., 357; *Hanford v. McNair*, 9 Wend. [N. Y.], 54; *Blood v. Goodrich*, 12 Id., 527; *Worrall v. Munn*, 5 N. Y., 229; Story, Agency, sec. 227; 1 Am. Lead. Cas., 735 and notes; *Bank of Columbia v. Patterson*, 7 Cranch [U. S.], 299; *Evans v. Wells*, 22 Wend. [N. Y.], 324; *McLean v. Dunn*, 4 Bing. [Eng.], 722; *Levy v. Bank*,

27 Neb., 557; *Lorton v. Russell*, Id., 372; *Noble v. Nugent*, 89 Ill., 522; Story, Agency, secs. 126–133; Parsons, Contracts, p. 49, sec. 3; *Cruzan v. Smith*, 41 Ind., 288; *N. E. Fire & M. Ins. Co. v. Schetteler*, 38 Ill., 167; *Tice v. Russell*, 44 N. W. Rep. [Minn.], 886; *McKeighan v. Hopkins*, 19 Neb., 33; *N. Eng. Mtg. Co. v. Henderson*, 13 Id., 159; *Joslin v. Miller*, 14 Id., 91; *Bruce v. Dicey*, 6 N. E. Rep. [Ill.], 437; *Nichols v. Shaffer*, 30 N. W. Rep. [Mich.], 383; *Tooker v. Sloan*, 30 N. J. Eq., 394; *Jones v. Atkinson*, 68 Ala., 167; *Perkins v. Boothby*, 71 Me., 91; *Eadie v. Ashbaugh*, 44 Ia., 519; *Baer v. Lichten*, 24 Ill. App., 311; *Clark v. Hyatt*, 23 N. E. Rep. [N. Y.], 891; *Strasser v. Conklin*, 11 N. W. Rep. [Wis.], 254; *Sandwich Mfg. Co. v. Shiley*, 15 Neb., 109; *Walker v. Hagerty*, 20 Id., 482; *Partridge v. White*, 59 Me., 564; *Greenlaw v. Greenlaw*, 12 N. H., 203; *Atl. Dock Co. v. Leavitt*, 13 Am. Rep. [N. Y.], 35.)

*Talbot & Bryan*, for other appellees, cited, as to the appeal and the motion to quash: *Allen v. Miller*, 11 O. St., 378; *Edwards v. Kearney*, 14 Neb., 83; *Birdsell v. Carter*, 16 Id., 423; *Morrissey v. Kinsey*, Id., 17; *Webster v. Wray*, 19 Id., 560; *Morgan v. Bergen*, 3 Id., 209; *Baker v. Kellogg*, 29 O. St., 665; *Uhling v. Schellenberg*, 12 Neb., 609; *Madsen v. Mill Co.*, 15 Id., 644; *Howard v. Lamaster*, 13 Id., 221.

MAXWELL, CH. J.

This is an action to foreclose a mortgage upon real estate. The mortgage was executed by G. P. Dietz and E. M. Stickney upon the south half of the south half of section 8, town 7, range 9 west, of the sixth principal meridian, excepting, however, the west eighty acres of above contrac heretofore conveyed, and also subject to the right of way privileges granted to the Republican Valley Railroad Company by deed dated March 18, 1886, and recorded

at book 26, page 270, of the records of Adams county, Nebraska. This mortgage is given in part of purchase money of above described premises. The above mortgage was executed on the 29th of March, 1887, to secure the notes of Dietz and Stickney, due in one, two, and three years, each for the sum of $2,875. It is alleged in the petition that on the 14th day of June, 1887, Gould P. Dietz, Lenora A. Dietz, his wife, and Edward M. Stickney, and Carrie Stickney, his wife, sold, transferred, and conveyed for a valuable consideration, the tract of land above described to H. Bostwick, trustee, one of the defendants herein named, by deed dated June 14, 1887, and recorded in book 31, page 164, of the records of Adams county, Nebraska; that in said deed there is the following covenant and agreement, and subject to a certain mortgage of $8,625, dated March 29, 1887, and due in one year, two years, and three years from date respectively, with interest at the rate of eight per cent per annum from date, all of which the said H. Bostwick, trustee, agrees to assume and pay, with interest accrued, as a part of the purchase price of said premises, said mortgage executed by G. P. Deitz and E. M. Stickney to Lewis D. Reynolds; that plaintiff is now informed, believes, and is ready to prove that the deed was taken by H. Bostwick, trustee, for Frank C. Fry, James C. Kay, H. Bostwick, Joseph Boehmer, B. J. Brotherton, Thomas Hyde, Alexis Halter, Mark Levy, W. H. Fuller, and Alice Sawyer, the other defendants in this case; that this deed was made to H. Bostwick, and at the special instance and request of the said *cestuis que trust,* the other defendants aforesaid, and for their benefit, the said H. Bostwick agreed to assume and pay this said mortgage of $8,625 to the plaintiff aforesaid; that by said deed and the acceptance thereof the said H. Bostwick and the *cestuis que trust,* defendants aforesaid, did assume and become personally responsible for the payment of said mortgage of $8,625, given by Gould P. Dietz and

E. M. Stickney to Lewis D. Reynolds, plaintiff; that on the 11th day of July, 1887, the said H. Bostwick, trustee, by deed of that date, conveyed, or attempted to convey, said real estate above described to Everett C. Sawyer, trustee; that the defendant Harrison Bostwick, trustee, Everett C. Sawyer, trustee, Alice E. Sawyer, Frank C. Fry, James C. Kay, George A. Stickney, B. H. Whitney, Joseph Boehmer, B. J. Brotherton, Thomas Hyde, Alexis Halter, Mark Levy, Abraham Loeb, and William H. Fuller, have or claim some lien or interest in said premises hereinbefore described, thus conveyed by said mortgage, but whatever, if any, such claim or lien may be, this plaintiff avers that it is in fact and in law subsequent and subject to the lien or claim of the plaintiff thereon as hereinbefore stated.

Everett C. Sawyer, in his answer, denies each and every allegation in the petition, and, second, pleads a counterclaim of $1,000 for services rendered by him in performance of the duties of an alleged trust.

Alice E. Sawyer disclaims any interest in the premises.

Abraham Loeb, Mark Levy, James C. Kay, W. H. Fuller, Joseph Boehmer, Alexis Halter, W. J. Brotherton, and Thomas H. Hyde filed answers denying the allegations of the petition.

Upon the issues thus found the case was tried. The court found that there is due to the plaintiff from the defendants G. P. Dietz, Edward M. Stickney, and Harrison Bostwick, the sum of $7,194, with interest at eight per cent from May 20, 1889, and that there will be due on the 29th day of March, 1890, $2,907 with interest at eight per cent from May 20, 1889, or $2,875; that the defendant Sawyer takes nothing by his cross-petition, and that the other defendants Everett C. Sawyer, Alice E. Sawyer, Frank C. Fry, James C. Kay, George A. Stickney, B. H. Whitney, Joseph Boehmer, B. J. Brotherton, Thomas Hyde, Alexis Halter, Mark Levy, Abraham Loeb, and W. H. Fuller are not liable in this case.

A motion is now made by four of the defendants to quash the bill of exceptions because it was not served upon them for correction or amendment before being signed by the judge.    In this case, by stipulation, it was signed by the clerk.    The motion must be overruled.    The action was brought by the plaintiff against all the defendants to subject the land in suit to the satisfaction of the mortgage. ·The trustee represented the *cestuis que trust*, and, except in a contest between them, service of the bill of exceptions on him will be sufficient.

The bill of exceptions seems to be in proper form, and there is no claim that aught has been improperly included therein.    The record necessarily brings up the entire case. This principle was recognized in *Taylor v. Courtnay*, 15 Neb., 190.

It is unnecessary to review the testimony at length. Taking the entire testimony together it clearly establishes the following facts:

First—That the land in question was bought as a speculation, and a value placed upon it of $20,000.

Second—That the *cestuis que trust* named, except Everett Sawyer, who purchased a twentieth interest therein, each took a tenth share in the property, for which he agreed to pay the sum of $2,000.

Third—That deducting the amount of the mortgage each one paid the amount of the stock, being $1,140.

Fourth—That the title was taken in the name of Bostwick as trustee as a matter of convenience in making transfers.

Fifth—That any one of the *cestuis que trust* could require Bostwick to convey to him his interest in the land subject to the mortgage.

The case does not differ, therefore, in principle from that of *Bear v. Koenigstein*, 16 Neb., 65.    That trust results from the purchase and payment of the money.

In the case at bar the proof clearly shows that the ces-

*tuis que trust* named each purchaser and paid for one-tenth portion of the land, and agreed to pay the mortgage as a part of the consideration.    It is true the title was taken in the name of another, but such title is held in trust for the parties who advanced the consideration. (*Willis v. Willis*, 2 Atk. [Eng.], 71; *Botsford v. Bun*, 2 Johns. Ch. [N. Y.], 405; *Bear v. Koenigstein*, 16 Neb., 65.)   Each of the shareholders is still indebted upon the purchase in the sum of· $860.  It seems probable that the land will not sell at forced sale for sufficient to satisfy the mortgage.  Should this be the case, judgment for the deficiency may be rendered against each of the shareholders, in proportion to the share held by each.    The purchasers are not jointly liable, however, but severally in proportion to the interest purchased, or should there still be a deficiency after exhausting the remedy here provided, the defendants Dietz and Whitney will be liable for the same.    The counter-claim of the defendant Sawyer was properly disallowed, as the only contract proved was made with Bostwick, and apparently without authority.   It is probable that Bostwick is liable for such services.   The claim that Bostwick purchased the property for $14,000, and sold it to the *cestuis que trust* for $20,000, is not put in issue by the pleadings, and cannot be considered in this case.   If he has been guilty of improper conduct, which the proof does not show, an action for an accounting will lie against him.   The judgment of the district court is reversed, and judgment will be entered in this court in conformity to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.