THE CLEVELAND PAPER COMPANY v. FRANK MAUK AND KATE MAUK *et al.*

**No. 405.***

LIMITATION OF ACTION—*Effect of Written Acknowledgment of Debt.* A real-estate mortgage was given to secure the payment of an account for merchandise, and afterward the debtor executed a written instrument in which he acknowledged a certain balance to be due on such account. More than three years thereafter an action in foreclosure was commenced by the mortgagee. *Held*, that the plaintiff's cause of action was not brought on the written acknowledgment of the debt but on the original account; that the effect of the written acknowledgment was merely to extend, for three years after the date of such acknowledgment, the time within which the action might be brought.

Error from Greenwood district court ; C. W. SHINN, judge. Opinion filed November 14, 1898. Affirmed.

*Petition for order to certify denied by supreme court January 7, 1899.—REP.

*Clogston & Fuller*, for plaintiff in error.

*T. L. Davis*, for defendants in error.

The opinion of the court was delivered by

Milton, J. : This action was commenced on the 28th day of March, 1893, by the plaintiff in error, to foreclose a mortgage on land in Greenwood county, executed in 1881 by Frank Mauk and Kate Mauk, his wife, then residents of the state of Ohio, to secure the payment of $1200 in the form of an account for merchandise already sold and to be sold to Frank Mauk. On April 2, 1888, and before the defendants' removal from Ohio to Greenwood county, Frank Mauk executed and delivered to the plaintiff the following instrument :

'' Received of the Cleveland Paper Company the following receipts now held by said company for taxes paid by it on land described in a certain mortgage from me to said company on lands situated in township 23, Greenwood county, Kansas, dated September 14, 1881, to wit: (setting forth receipts). These receipts are delivered to me in pursuance of a settlement this day made between myself and the Cleveland Paper Company, and the balance due said company after payment made to-day by order of James Congkton on said mortgage is the sum of nine hundred eighty and $\frac{72}{100}$ dollars ( $980.72 ).''

The petition alleged the foregoing facts, and prayed for judgment against both defendants in the sum of $1345.65, which, besides the '' balance due·'' as above specified and interest thereon, included two separate items for taxes paid by plaintiff. The principal ground of defense was the statute of limitations. The court concluded as a matter of law that the plaintiff's· cause of action on the mortgage and the indebtedness thereby secured was barred, but that the plaintiff

was entitled to a judgment against the defendant Frank Mauk in the sum of $36.70 for taxes paid and interest thereon, and rendered judgment accordingly.

The question presented by counsel for our consideration is whether the action on the mortgage and the debt secured thereby was barred when this action was begun.    Section 18 of chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4101) reads :

· " In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same after such payment, acknowledgment or promise ; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby.''

We think it must be held that, under the provisions of this section, the right of action on the debt secured by the mortgage was taken out of the operation of the statute of limitations, as to Frank Mauk, by reason of the written acknowledgment of his existing liability contained in the instrument set out.    Neither the mortgage nor the written instrument acknowledging a balance due on the debt secured by the mortgage contained a promise to pay that debt.    The effect of the written acknowledgment was to revive the debt for a period of three years from the date of such acknowledgment, and to give to the plaintiff a right of action on the debt at any time during that period.    In the case of *Elder v. Dyer*, 26 Kan. 604, section 24 ( now section 18 ) of the code is construed with reference to an acknowledgment of an existing liability on a debt. The court said :

" " In Kansas, all that is necessary to take a cause of action founded upon contract out of the operation of

the statute is, that there should be an acknowledgment of ' an existing liability ' on the original debt or claim; and 'then when the action is brought, it is brought not upon the acknowledgment, nor upon any new promise, but it is· brought upon the original debt or claim.''

In the case of *Devereaux v. Henry*, 16 Neb. 65, 19 N. W. 697, the supreme court of Nebraska considered section 22 of the civil code of that state, which is practically the same as section 18 of the Kansas code. The case presented a question as to the effect to be given to a written acknowledgment of an existing liability on an account.   The court said :

"This provision is, in substance, that if the debtor has in writing acknowledged an existing liability, debt, or claim, an action may be brought in such case within the period prescribed for the same, after such acknowledgment.   The action is not to be brought upon the acknowledgment but upon the original debt; the time in which it may be brought being simply extended by the acknowledgment... (*Elder v. Dyer*, 26 Kan. 604.)''

As the mortgage in this case was a mere security for the payment of a debt in the form of an account, we hold, in view of all the foregoing, that as to the defendant Frand Mauk the action might have been brought at any time within three years from the date of the written acknowledgment by him of the " balance due'' on the debt; and that the right of action was barred as to all the defendants, at the date the petition was filed herein.

The judgment of the district court is affirmed.