## NATHANIEL J. BARTLETT *vs.* FREDERIC A. HAWLEY & another.

Suffolk. March 10. — 11, 1876. AMES & MORTON, JJ., absent.

In an action by a holder of a bill of exchange against an indorser, there was evidence that notice of the dishonor and protest was forwarded from London to the plaintiff in Boston, by the next mail which left London for America after the protest, and was by him delivered to the defendant in person on the same day that it was received by him from the mail carrier in Boston. *Held,* that this evidence warranted the inference that the bill and protest were received by the defendant as soon as if they had been forwarded directly to him.

Where a bill of exchange is made payable to and indorsed by " A. B., Agent," the word " Agent" is a mere *designatio personæ,* and, in an action against him as indorser, parol evidence is inadmissible to show that he was merely an agent, and that the plaintiff knew this fact.

CONTRACT upon a bill of exchange, dated September 9, 1873, drawn by Henry Clews & Co., upon Clews, Habicht & Co. of London, payable thirty days after sight to " F. A. Hawley & Co., Agents," indorsed by " F. A. Hawley & Co., Agents," to the order of W. A. Chase, who indorsed it in blank. Trial in the Superior Court, without a jury, before *Allen,* J., who allowed a bill of exceptions in substance as follows :

The bill was duly presented by Chase to the drawees in London and accepted September 22, 1873. All the signatures were admitted or proved. The only defences made at the trial were, first, want of due notice of non-payment ; second, that the defendants indorsed the bill as agents for Henry Clews & Co.; and, third, that they were not personally liable as indorsers thereon.

It appeared in evidence that the plaintiff bought the bill of the defendants on September 9, 1873, and the defendants indorsed it as above ; that the same was duly presented to the acceptors in London for payment at maturity on October 25, 1873, and, payment being refused, was duly protested by a notary public there. The only testimony relating to notice of nonpayment given to the defendants was that Chase, the indorser, on October 25 or 26, 1873, and by the next mail which left London for America after the protest, sent by mail from London, postage prepaid, the bill and certificate of protest of the notary, to the plaintiff in Boston ; that the same came by due course of mail,

and that the plaintiff, on the same day that it was delivered by the mail carrier to him in Boston, and on or before the morning of November 12, 1873, called on the defendants in Boston, stated to them that the bill had not been paid, showed to them the bill and certificate of protest, which they examined, and demanded of them payment of the bill; that there were three mails a week between London and America, and that the usual time required for the mail to come from London to America at that season of the year was from fourteen to sixteen days. Upon this evidence, the defendants asked the judge to rule that due diligence had not been used in notifying the defendants of the dishonor. The judge refused so to rule, and found on this testimony that the defendants had due notice of its nonpayment.

The defendants also contended that the bill showed on its face that the defendants indorsed it as agents of Henry Clews & Co., and that, it so appearing on the bill, the defendants were not liable on the bill as indorsers, and requested the judge so to rule; but the judge refused.

The defendants offered parol evidence to show that they were agents of Henry Clews & Co., and were employed by them to sell such bills for them; that the bills were signed in blank by Henry Clews & Co. in New York, sent by them to the defendants, who filled up, dated and indorsed them as their agents as they sold them; that the plaintiff knew that the defendants were agents of Henry Clews & Co., on these bills. The judge ruled that this evidence was incompetent to alter or vary the defendants' liability. The defendants then said that they expected to be able to show by parol evidence that there was an agreement between the plaintiff and the defendants that they should not be held liable on this bill; and for this purpose the judge admitted the above testimony offered, but found upon all the evidence in the case that there was no such agreement.

The judge found for the plaintiff; and the defendants alleged exceptions to his rulings and refusals to rule as requested.

*D. C. Linscott*, for the defendants.

*J. B. Richardson*, for the plaintiff, was heard only on the point of notice.

GRAY, C. J. No error of law, prejudicial to the defendants, is shown in the rulings below. The evidence warranted the in-

ference that the bill and protest were forwarded to the plaintiff upon the next day and by the next mail after the protest, and were received by the defendants as soon as if they had been forwarded directly to them. *Cabot Bank* v. *Warner*, 10 Allen, 522. The defendants appeared upon the face of the bill to be themselves the payees and indorsers, the word " agents " was a mere *designatio personarum*, and parol evidence was inadmissible to discharge them. *Tucker Manufacturing Co.* v. *Fairbanks*, 98 Mass. 101. *Exceptions overruled.*