THE TRUSTEES OF SCHOOLS OF THE VILLAGE OF CAHOKIA

*v.*

CHARLES RAUTENBERG.

88 219
36a 114
88 219
162 246

1. CONTRACT—*note—whether of corporation or persons signing.* A promissory note, commencing, "ninety days after date I promise to pay to," etc., and signed A B and C D, "school trustees," is the individual note of the persons signing the same, the words "school trustees" being simply *descriptio personarum,* and is not the note of any school corporation.*

2. SCHOOL TRUSTEES—*giving note after term of office expires. Quere,* whether school trustees can give a promissory note binding upon the corporation, for money borrowed by them to build a school house, after their term of office has expired, and their successors elected and qualified.

3. INDORSER—*of his liability and remedy.* Where a promissory note is made to a third person, having no interest in the same, and his indorsement is procured, and the note then given to a bank, as security for a prior loan to the makers, the indorser will charge himself as security for the makers, and must look to them if he is compelled to take up the note. If the makers have expended the money for a school district, that is a matter between them and the district, and the indorser can not sue the district, there being no privity of contract between him and the district.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. M. MILLARD, for the appellants.

Mr. WILLIAM WINKELMAN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

In 1872, George Lohenhofer, Alexander Pereo, and one La Croix, were the trustees of schools in the village of Cahokia. They had a special fund, provided by a special act of the legislature, for school purposes, and building and repairing school houses, arising annually from the rents of certain lots in the village of Cahokia, formerly a part of the Cahokia

---

*See, on the same question, *Northwestern Distilling Co.* v. *Brant,* 69 Ill. 658, and cases there cited. Also, see *Hancock* v. *Yunker et al.* 83 Ill. 208.

common. In the summer and fall of that year, it was proposed to construct a school house, and there seems to have been much controversy among the people as to whether it should be constructed. The majority of the trustees, however, proceeded in the construction of the school house, and in October, 1872, Lohenhofer and Pereo, two of the trustees, borrowed money from the bank, which was expended in paying laborers and for materials, to the amount of $200. In March, 1873, the terms of these officers, and that of La Croix, expired, and their successors were elected and qualified. In October, 1873, George Lohenhofer and Alexander Pereo executed a note, in these words:

*" East St. Louis, Ill., Oct.* 23, 1873.

" Ninety days after date I promise to pay to the order of Chas. Rautenberg $200, value received, at the East St. Louis Bank, corner Missouri and Collinsville avenues, with interest, at ten per cent per annum, from maturity till paid.

" $200.            George Lohenhofer,

Alexander Pereo,

*School Trustees."*

Indorsed as follows: " Chas. Rautenberg."

This note was indorsed in blank by Charles Rautenberg, and delivered to the bank as security for the $200 borrowed in the fall of 1872, as above stated. After the maturity of the note, Rautenberg was compelled by the bank to pay the note.

This is an action of assumpsit, brought by Rautenberg against the trustees of schools of Cahokia, to recover the money paid upon that note, and he recovered a judgment for $253.60. The trustees appeal to this court.

It is not perceived upon what ground this judgment can be sustained. The money was not borrowed from the bank on the credit of the school district, but on the individual credit of the two trustees. The note, which was executed to Rautenberg, does not purport to be a note given in behalf of the district, but is in such form that, by the decisions of this court,

(even if the maker had authority to make such note in behalf of the district,) no action could have been maintained upon it against the corporation known as the "trustees of schools" of that village.   Lohenhofer and Pereo, by that note, charged themselves, personally.   The words "school trustees" are simply *descriptio personarum*, and a false description at that, for they had ceased to be such trustees months before the note was made.   Rautenberg, when he indorsed the paper (as accommodation paper), charged himself as security for the makers of the note, and not as security for the district.   He must look to his principals, Lohenhofer and Pereo, for indemnity.   If they used money for the district, it is a matter between them and their successors.   In the whole transaction we find no contract or privity between the trustees of schools of the village of Cahokia and the plaintiff.

The judgment must be reversed.

*Judgment reversed.*