LIZZIE REEVES, EXECUTRIX, APPELLANT, V. EDWARD M. WILCOX ET AL., IMPLEADED WITH H. W. CURTIS ET AL., APPELLEES.

[FILED DECEMBER 16, 1892.]

Mortgage Foreclosures: PURCHASE MONEY: MORTGAGE EXECUTED BY ONE OF THREE PURCHASERS: DEFICIENCY JUDGMENT. Three persons jointly purchased three lots in an addition to the city of Lincoln for $3,000, one-fourth cash in hand and the balance on credit. By agreement the title was taken in the name of W., one of the purchasers, and he was to give his note secured by mortgage on the lots for the unpaid purchase money, and these were accepted by the vendor. *Held*, There being no trust relations involved, and neither fraud, accident, or mistake that the vendor was restricted to the security thus taken and could not recover a deficiency judgment against the purchasers who did not sign the note.

APPEAL from the district court for Lancaster county. Tried below before FIELD, J.

*Thomas Ryan,* for appellant.

*Davis & Hibner,* and *C. Thompson, contra.*

MAXWELL, CH. J.

This is an action to foreclose a mortgage and to recover a deficiency judgment against the defendants Curtis and McCargar. The testimony tends to show that Frank D. Reeves in his lifetime, jointly with one Fred A. Hovey, owned lots 17, 18, and 19, in Woolworth's addition to Lincoln, and defendant Wilcox was their agent for the sale of said lots; that Wilcox, while acting as such agent, went to appellees Curtis and McCargar and represented that he could make some money on the lots in question if he could raise the cash payment, $750. The property was exhibited and price stated, after which the parties went to the office of Reeves and there concluded a bargain by which Wilcox took a deed from Reeves (who held the legal title) to himself, not as trustee, but in his individual capacity. The appellees each agreed to contribute and did contribute one-third, or $250, of the cash payment, and Wilcox, by and with the consent of all the parties to the transaction and as one of the conditions on which the sale was concluded, having taken the deed for that purpose, gave his note for the balance, $2,250, secured by a first mortgage on the premises purchased. There was an understanding between Wilcox, McCargar, and Curtis, to the effect that the property should be marketed and each receive one-third of the profits a memorandum of which was at some time made in writing, but to which neither Reeves nor Hovey were parties in any way. No sale was made and no profits accrued, and the notes given by Wilcox were not paid. Foreclosure proceedings were commenced against Wilcox, Curtis, and

McCargar. McCargar, appellee herein, defendant therein, filed a separate demurrer to the petition, which was over-ruled, and he then answered denying the alleged oral contract, disclaiming any interest in the property, and denying liability on the notes. Wilcox was defaulted and the property went to sale, bringing about $800. The court gave judgment against Wilcox for the deficiency, and discharged appellees McCargar and Curtis, from which judgment this appeal was taken.

The deposition of Frank Reeves was taken, as he was in poor health. In his direct examination he testifies : "On the 9th of March, A. D. 1887, or about that time, H. W. Curtis, E. M. Wilcox, and C. A. McCargar came to my office in Lincoln together and purchased lots Nos. 17, 18, and 19 of Woolworth's subdivision in Lincoln, Nebraska, for $3,000; all three participated in the negotiation, said they were buying them jointly, each to own an undivided one-third part; the cash payment was $750 and each of the defendants mentioned paid $250, his portion. When the deed came to be drawn, they asked if I had as soon make the deed direct to Wilcox and take mortgage and notes from Wilcox and wife for the balance of the purchase money. They said they would rather have it that way and have a writing between themselves showing the interest of each. . They gave some reasons for wanting it fixed that way, which I do not now recall, and whatever those reasons were, I consented to that arrangement, and the deed and notes and mortgage were so drawn." He also says that there was an agreement between the defendants as to the disposition of the property and distribution of the proceeds. This, however, could only affect the defendants themselves, and, so far as the evidence discloses, could not inure to the benefit of the plaintiff. The plaintiff made the conveyance and agreed to accept the note of Wilcox secured by a mortgage on the lots in question. This, then, was the measure of his security. None of the

parties expected that the property would depreciate in value, hence there seemed no necessity for obtaining the notes of the defendants Curtis and McCargar. The plaintiff, therefore, cannot hold these parties liable.

The case of *Reynolds v. Dietz*, 34 Neb., 265, does not contravene the principle here established. In that case ten persons had purchased a tract of land for $20,000, and as a part of the consideration, had assumed a mortgage on the property, the title being taken in the name of a trustee, and it was held that each was liable for his proportionate share of the mortgage debt. . The liability in that case results from the nature of the contract.

In this case there was no trust in its proper sense. In any event there was an express contract as to the security for the unpaid purchase money, and there being neither fraud, accident, nor mistake in the transaction, the plaintiff's remedy is restricted to such security. The judgment is right and is

AFFIRMED.

THE other judges concur.