THOMAS E. FARRELL ET AL., APPELLEES, V. M. REED ET AL., APPELLANTS.

FILED NOVEMBER 6, 1895. NO. 5383.

1. **Vendor and Vendee:** TRUSTS: MORTGAGE FORECLOSURE: DEFICIENCY JUDGMENT AGAINST TRUSTEE. A number of persons purchased land and caused the title to be taken in the name of one of the number, who gave his notes secured by mortgage on the land for the deferred purchase money. These notes were signed "A. B., Trustee," but neither the notes nor the mortgage disclosed the nature of the trust or the names of the *cestuis que trustent*. *Held*, That on foreclosure of the mortgage the holder was entitled to a deficiency judgment against the trustee but not against the *cestuis que trustent*.

2. **Negotiable Instruments:** LIABILITY OF TRUSTEE. A negotiable instrument signed by a person who adds thereto the word "trustee," or like term, without disclosing the trust, or the name of the *cestui que trust*, is the personal obligation of the signer and not of the *cestui que trust*. The word "trustee" is in such case merely *designatio personæ*.

APPEAL from the district court of Adams county. Heard below before GASLIN, J.

*W. P. McCreary* and *John M. Ragan,* for appellants.

*Batty, Casto & Dungan, contra.*

IRVINE, C.

This was an action of foreclosure wherein, after the mortgaged property had been sold, application was made for a deficiency judgment against the appellants. Such a judgment was rendered and the appellants contend it was erroneous. So far as the allegations of the petition affect the personal liability of appellants, they are to the effect that the appellants bought from Higinbotham and Dutton the mortgaged premises. A written contract was entered

into by appellants reciting that the land had been bought for the use and benefit of all the appellants, their several interests being stated in the contract, and that they had caused it to be conveyed to Reed in trust for himself and the other appellants; that the trustees should hold the land for the purpose of conveying the same upon sales to be made; that out of the proceeds of the sales the expenses should be paid, and thereafter the proceeds of such sales applied to the satisfaction of the mortgage on the property; that all the moneys in excess of what was requisite for that purpose should be divided among the appellants in proportion to their several interests in the land. That in pursuance of the said contract the land was conveyed to Reed as trustee for himself and the other appellants; that Reed, as trustee for himself and the other appellants, made and delivered to Higinbotham and Dutton two notes, set forth in the petition, each one signed " M. Reed, Trustee," without disclosing the nature of the trust or the names of the *cestuis que trustent;* that the mortgage was given to secure the payment of these notes; that the notes were transferred to the appellants. The decree on this question finds that the appellants are the owners of the property mortgaged, and that they caused Reed as trustee to make, execute, and deliver the notes and mortgage to secure the balance of the purchase price of the property. There is no further finding of fact affecting the right to the deficiency judgment. The court rendered a judgment against all the appellants for the full amount of the deficiency.

No extended consideration of the questions presented is necessary. It is well settled that where an agent or a trustee or an executor signs a negotiable instrument in his own name without disclosing on the face of the instrument the fact that he is acting as agent or in a fiduciary capacity, and also the name of his principal or *cestui que trust,* the agent, trustee, or executor is personally liable on the instrument and the principal, *cestui que trust* or estate, is not.

liable.    Parol evidence is inadmissible to show a different
liability.    In such case the words " agent," " trustee," and .
" executor" are merely *descriptio personarum.* (*Brown v.
Parker,* 7 Allen [Mass.], 337; *French v. Price,* 24 Pick. .
[Mass.], 13; *Bartlett v. Hawley,* 120 Mass., 92; *Hancock v.
Fairfield,* 30 Me., 299; *Hall v. Bradbury,* 40 Conn., 32;
*Pentz v. Stanton,* 10 Wend. [N. Y.], 271 ; *Conn v. Scruggs,*
5 Bax. [Tenn.], 567; *Graham v. Campbell,* 56 Ga., 258;
*Village of Cahokia v. Rautenberg,* 88 Ill., 219; *Anderton
v. Shoup,* 17 O. St., 126 ; *Ohio Nat. Bank v. Cook,* 38 O·
St., 442.)    Therefore the case falls precisely within the
rule of *Reeves v. Wilcox,* 35 Neb., 779, followed by *Reyn-
olds v. Dietz,* 39 Neb., 180.    The petition did not state
facts sufficient to establish a personal liability against any
of the appellants except Reed.    Reed was clearly liable.
The judgment against Reed is affirmed and the personal
judgment against the other appellants is reversed and the
application for personal judgment against them denied.

JUDGMENT ACCORDINGLY.