JOHN BOWEN *vs.* OWEN F. FARLEY, JR., & another, trustees.

Suffolk.　March 8, 16, 1926. — May 26, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Bills and Notes,* Maker.　*Voluntary Association.*　*Trust,* Real estate trust. *Agency,* Ratification.

At the trial of an action upon a promissory note against F and W, trustees of the B Trust, it appeared that the note read "For value received the B Real Estate Trust (by its trustees) promises to pay to the order of" the plaintiff, and was signed "B Real Estate Trust Trustees F for self & Co."; that F was permitted by his cotrustee W to act for both of them in the transaction; that his action in making the note was ratified by W; and that the trustees were expressly authorized by power conferred upon them in the declaration of trust to issue promissory notes as trustees in carrying out the business of the trust.　*Held,* that a finding for the defendants was warranted since the maker of the note was the trust and it did not purport to be an obligation of the defendants as individuals and they therefore were not personally liable thereon.

CONTRACT, with a writ as amended against "Owen F. Farley, Jr., and Asa H. Weeks, Trustees of Berry Real Estate Trust, a voluntary association under a written instrument or declaration of trust, the beneficial interest of which is divided into transferable shares," for the balance of $3,500 and interest alleged to be due on a promissory note.　Writ dated October 28, 1920.

The body of the note in suit read as follows: "For value received the Berry Real Estate Trust (by its trustees) promises to pay to the order of John Bowen . . . Eighty-

five Hundred ($8,500) Dollars, with interest at the rate of
6 per centum per annum. . . . [Signed] Berry Real Estate
Trust Trustees Owen F. Farley, Jr., for self & Co."

In the Superior Court, the action was referred to an
auditor and afterwards was heard by *O'Connell,* J., without
a jury. A material provision of the trust instrument was
as follows:

"16. The Trust herein created may be designated for
all purposes thereof, as the Berry Real Estate Trust and
the Trustees hereunder may be referred to as 'Trustees of
the Berry Real Estate Trust' and any property conveyed
to them under that description shall be held by them under
this Declaration."

Other material findings by the auditor and by the trial
judge are described in the opinion. The plaintiff asked
for the following rulings:

"1. On all the evidence the plaintiff can recover against
the trustees of Berry Real Estate Trust.

"2. Trustees of Berry Real Estate Trust is the collective
title of the trust and the trustees are properly described in
the plaintiff's writ.

"3. It being provided in the declaration of trust that the
title of the trustees should be Trustees of Berry Real Estate
Trust, it was thereby definitely established as the collective
name of the trust, and is the name in which the trust should
be sued.

"4. The words used in the plaintiff's writ and declaration,
Trustees of Berry Real Estate Trust, are not *descriptio
personae.*

"5. The trustees being entirely free from control of any
kind by the shareholders are the principal, and, as a matter
of law, the trust itself.

"6. The declaration of trust, as a matter of law, has
established the collective name of the trust as Trustees
of Berry Real Estate Trust.

"7. The auditor's finding of facts in the absence of any
other evidence is conclusive.

"8. The auditor having found for the plaintiff, in the
absence of other evidence it is the duty of the court, as a

matter of law, to confirm the report, subject to such rulings of law as the court may make in connection therewith.

"9. If the court finds that the words in the plaintiff's writ and declaration directly following the name, Owen F. Farley, Jr., and Asa H. Weeks are merely descriptive, then the trustees, as a matter of law, are personally responsible.

"10. If the plaintiff had no knowledge of the terms and conditions of the declaration of trust, the defendants having failed to stipulate the limitation of liability in the contract with the plaintiff, and in the note executed to the plaintiff, the trustees are, as a matter of law, personally liable.

"11. The plaintiff, having no knowledge of the terms and conditions of the trust agreement, and the defendants failing to stipulate on the note under the terms of the declaration of trust the limitation of their liability, then the trustees are personally responsible."

The rulings were refused. The judge found for the defendants. The plaintiff alleged exceptions.

*W. W. Clarke,* for the plaintiff.

*C. A. Warren,* for the defendants.

CROSBY, J.   This is an action to recover the balance alleged to be due on a promissory note. The plaintiff is a contractor and builder, and the controversy arises out of the erection by him of a garage for the defendants. The defendants are the present trustees of the "Berry Real Estate Trust," a voluntary trust created by a declaration of trust duly recorded with Suffolk deeds, its declared objects being "for the purpose of acquiring and holding the land upon which the garage was subsequently built, and such other real and personal property as thereafter might be conveyed to the trustees for the purposes of the trust." The issues between the parties at the trial were (1) is the note in suit binding on the trustees; and (2) was an agreement reached on June 20, 1919, a final settlement between the plaintiff and the parties of all matters arising from the contract for the construction of the garage?

The note was signed, "Berry Real Estate Trust Trustees Owen F. Farley, Jr., for self & Co." It was indorsed by Owen F. Farley, Jr., and several payments of principal and

a payment of interest were indorsed thereon. While at the time of the execution and delivery of the note the defendants Farley and Weeks constituted the trustees, and the former alone signed for the trustees, it was found by an auditor, to whom the case was referred, that Weeks left the management of the affairs of the trust entirely to Farley and that such was the situation when Farley met the plaintiff on June 20, 1919, and gave him the note in suit; that while Weeks did not expressly authorize Farley to give the note to the plaintiff or know that it had been given until later, he left the matter of settling with the plaintiff entirely to Farley as he had previously left all other business details of the trust to him; that soon after the date of the note Weeks knew that Farley was making regular payments on it and then knew that Farley had come to some kind of an understanding with the plaintiff; that he never objected to these payments; that so far as he could delegate authority to his cotrustee he did by his conduct and acts give to Farley full power to make a settlement with Bowen on behalf of the trust, and that by permitting the note to remain outstanding for several months after he had learned that it had been given and was being paid by Farley in instalments without objection on his part, and by permitting Farley to continue these payments he ratified the settlement with the plaintiff and confirmed the note given as a part of such settlement. The auditor further found that the agreement reached between the plaintiff and Farley on June 20, 1919, which resulted in the giving of the note, was a final settlement of their respective claims arising from the contract.

The case was heard by a judge of the Superior Court, sitting without a jury, upon the auditor's report and other evidence. He found for the defendants. Upon the findings by the auditor, it is plain that the acts of Farley in making a settlement with the plaintiff and in giving the note for the balance agreed to be due, if not expressly authorized by Weeks, were ratified and confirmed by him. It accordingly appears that the maker of the note is the Berry Real Estate Trust and that the defendants are not liable thereon. It does not purport to be an obligation of the defendants, and

upon the findings of the auditor the trial judge was justified in finding for the defendants. The instrument on its face shows that the promissor was the Berry Real Estate Trust and that Farley signed as its representative and officer. The defendants were expressly authorized by power conferred upon them in the declaration of trust to issue promissory notes as trustees in carrying out the business of the trust. As they did not purport to be parties to the instrument, they are not liable thereon. G. L. c. 107, § 42. *Jefts v. York,* 10 Cush. 392. *Grafton National Bank* v. *Wing,* 172 Mass. 513, 515. *Frost* v. *Thompson,* 219 Mass. 360. *Adams v. Swig,* 234 Mass. 584.

The plaintiff's requests for rulings were rightly denied.

*Exceptions overruled.*