J. P. THORNTON, APPELLEE, V. FARMERS & MERCHANTS NATIONAL BANK, OF FAIRBURY, ET AL., APPELLEES: H. L. CLARK, APPELLANT.

FILED JULY 2, 1928. No. 26112.

*Hartigan & Fouts*, for appellant.

*Heasty, Barnes & Rain, Denny & Denny* and *E. A. Wunder, contra.*

Heard before ROSE, GOOD, THOMPSON and HOWELL, JJ., and BEGLEY and BROADY, District Judges.

BEGLEY, District Judge.

This is an action of foreclosure wherein, after mortgaged property had been sold, application was made for a deficiency judgment against the maker and indorsers of the note. The evidence discloses that previous to July 19, 1922, the Farmers & Merchants National Bank of Fairbury, Nebraska, held some unsecured obligations of the then owner of the land in question, and in order to satisfy

same it caused a sale to be made from said owner to one George C. Light, for a consideration of $12,000. Light received a deed to the premises and raised the purchase price by giving a $6,000 mortgage to a loan company, a $3,000 mortgage to H. L. Clark, being the note and mortgage in controversy here, and executed a $3,000 note to the bank for the remainder. Before maturity of the note and mortgage Clark, being the president of the bank at the time, through the activities of the bank officials, sold and assigned the note and mortgage to Thornton, the plaintiff, for the sum of $3,000, which was paid to the bank and applied upon the indebtedness of one Dawson who was the former owner of the land in question. Thornton, however, did not purchase the note until it was first indorsed with the signatures of H. E. Fairchild, A. L. Newell, and A. R. Nichols, all these parties being officers or stockholders of the bank. The note was not paid when due and plaintiff brought foreclosure and, the sale having resulted in a deficiency, this action was maintained to recover the balance from Clark and the other indorsers. Before the bringing of the foreclosure suit, the Farmers & Merchants National Bank of Fairbury was placed in the hands of a receiver, and the receiver thereafter took a deed to said property from Light in settlement of certain indebtedness Light owed the bank, and the bank was the owner of said land at the time of bringing the foreclosure and was made a party defendant as such.

The defendant H. L. Clark filed an answer and cross-petition in which he set up that the Farmers & Merchants National Bank was actually the owner of said $3,000 note and mortgage at the time of its assignment by him; that he was at said time president of said bank and merely took the note in his name as such officer and as agent; that he had no interest therein, all of which was known to the plaintiff and the bank through its officers, and asked that any deficiency be decreed against the bank and he be relieved therefrom. The receiver of the bank answered denying that it had any interest in said note and mortgage

except as owner of the land acquired after the note and mortgage were given.

The court found against the contention of Clark and decreed a deficiency judgment against him and the other indorsers on the note, and relieved the bank and all other parties from liability for the deficiency, from which decree defendant H. L. Clark has appealed.

The plaintiff Thornton bought the note and mortgage for full value, relying upon the signers of the note. In fact, the names of the indorsers were placed thereon at his request, to give him better security, and he did not rely on any title in the bank. Light testified that he was the owner of the land at said time by purchase, and Nichols, the bank cashier, testified that the bank had no interest in the land at the time the note and mortgage were given, but by this method they held a lien for part of the purchase price from Light, and by the sale and transfer they were able to apply the money in cleaning up some obligations of Dawson, which were unsecured while he was the owner of the land. There was no obligation or other evidence of debt securing this note and mortgage given by the bank that would render it liable for the deficiency as provided by statute. Comp. St. 1922, sec. 9211.

Where a person signs a negotiable instrument in his own name, without disclosing on the face of the instrument that he is acting as agent, or in a fiduciary capacity, and also the name of his principal, such person, when sued for a deficiency judgment in foreclosure proceedings, is liable for deficiency judgment. *Farrell v. Reed*, 46 Neb. 258; *Reeves v. Wilcox*, 35 Neb. 779.

The district court was therefore right in not decreeing a deficiency judgment against the Farmers & Merchants National Bank, and the decree is

AFFIRMED.