George Uihlein, Appellant, v. Britton I. Budd, Appellee.

**Gen. No. 33,276.**

Opinion filed April 22, 1929.

488

BARRY & CROWLEY, for appellant; GEORGE C. POTTS, of counsel.

GOODRICH, VINCENT & BRADLEY, for appellee; WARREN NICHOLS, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff appeals from a judgment rendered in favor of the defendant after a demurrer to plaintiff's amended declaration was sustained. The controlling question in the case is whether the declaration as amended stated a cause of action.

The declaration was in assumpsit. It alleged that defendant Budd and other persons were actively engaged as cotrustees in the acquisition, management and disposition of real and personal property under the name of "The Vincent Trust, a business trust, so-called"; that on said date, through C. R. Vincent as president thereof, "one of the trustees aforesaid," executed and delivered to plaintiff three promissory notes in the principal sum of $2,500 to plaintiff's order; that the notes were signed "The Vincent Trust by C. R. Vincent, Pres." and "The Commonwealth Trust & Security Company, by C. W. Thomas"; that Vincent was authorized by his cotrustees to execute and deliver these notes; that the same were due; that the Vincent trust was controlled and operated by the trustees named; that the notes were issued by the trustees through Vincent as president, and that defendant thereby became liable to pay these notes to the plaintiff, which he refused to do. Copies of the notes were attached to the declaration.

Plaintiff contends that Budd became personally liable to pay these notes by reason of the facts stated in the declaration. He contends that all of the trustees were liable and that he could elect to sue one or to sue

all under the rule stated in *Wisner v. Catherwood*, 225 Ill. App. 471, 474, and *Tandrup v. Sampsell*, 234 Ill. 526.

Plaintiff further contends that Vincent was the agent of all the trustees and that they were jointly and severally liable upon the theory that a principal is bound by the agreements of his agent. He says that the trustees of the Vincent trust authorized C. R. Vincent to act in their behalf; that Vincent so acted and the trustees were therefore liable. He points out that a trust cannot make a contract; that if a trustee is not bound on such a contract, then nobody is bound (*Taylor v. Mayo*, 110 U. S. 330); that in the absence of a reservation against personal liability the trustee becomes personally liable even if the trust deed provides otherwise; that the trustees were liable as disclosed principals, and that plaintiff could sue one or all of them.

The facts alleged in the declaration do not justify the conclusion of law that defendant Budd is personally liable. These facts do not show that Vincent in this matter was the agent of Budd. Vincent was the president of the trust. The declaration avers that he had authority to execute notes in the name of the trust. It is not averred that he had authority to execute notes in the name of his cotrustees. Vincent derived all his power and authority from the trust deed as a trustee with the others in relation to the trust business and property. He did not on the facts alleged have the authority to bind Budd or any of the other cotrustees personally. It might be that the law would impose a personal liability on Vincent by reason of the manner in which he executed the authority, but, if so, the liability is upon Vincent alone and not upon Budd or any of the cotrustees.

It is of course true that a trustee who enters into a contract with third persons is himself personally liable unless the agreement expressly provides that the

person with whom he contracts shall look to the funds of the estate exclusively. *Austin v. Parker,* 317 Ill. 348. Unless such limiting language appears in the contract, the word "trustee" is held to be only *descriptio personae,* but there is no averment here that the defendant Budd signed any agreement. He cannot be held liable solely by reason of the fact that Vincent executed these notes (if such be the case) in a way that would impose a personal liability upon himself. The declaration fails to aver facts showing an intention to create a personal liability of defendant and he was not liable. *Empire Fire Proofing Co. v. Comstock,* 121 Ill. App. 518.

For the reasons indicated the judgment of the trial court is affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.