No. 4152

# WARE TRUST COMPANY

v.

# PETER STOLGITIS

*MOORE, J.* This is an action of contract on a promissory note by an alleged endorsee against the maker. The defendant's answer is a general denial; a specific denial that the plaintiff is a holder in due course and a bona-fide purchaser for value; an allegation of fraud; and allegation of illegality of the transaction from which the plaintiff's claim arises; an allegation of failure of consideration and of knowledge thereof on the part of the plaintiff; a specific denial of the genuineness of the signature and endorsements on the instrument sued upon.

The Court in its report states that the note sued upon bore the following endorsement "for value received, pay to the order of Ware Trust Co., Ware, Mass. Mikelk-Nork *Equip.* Co. by Edward W. Nork, Treas." However, the Court in its findings says that the endorsement was "for value received, pay to the order of Ware Trust Co., Ware, Mass. Mikelk-Nork *Equipment* Co. by Edward W. Nork, Treas."

In the course of the argument before us counsel for the plaintiff handed up the original note and original conditional sales contract stating to us that it would probably be helpful, in as much as it would be easier to see the original note and contract than to visualize them from their description in the report. The original note shows that

the endorsement was Mikelk-Nork *Equip.* Co. by Edward W. Nork, Treas. rather than Mikelk-Nork *Equipment* Co. by Edward W. Nork, Treas.

The Court found that the note and conditional sales contract in question were executed on Nov. 19, 1947 and were for the purchase of a tractor, cornplanter and plow from the Mikelk-Nork Equipment Co.

In fact, the original sales contract reads that it was Mikelk-Nork *Equip. Co.* The Court also found that on Nov. 19, 1947 the company was a partnership between Witold J. Mikelk and Edward W. Nork, as partners; that on Nov. 28, 1947 the Mikelk-Nork Equipment Co. was incorporated with Mikelk as president, and Nork as president, and Nork as treasurer and that on Dec. 1, 1947 the defendant's note was delivered to the plaintiff bearing the endorsement as mentioned above and further that the plaintiff credited the account of Mikelk-Nork Equipment Co. with the proceeds of the note. There was testimony as shown by the report that the assets of the partnership were not transferred to the corporation until June 10, 1948, and that Mr. Mikelk didn't know whether the endorsement on the note was that of the partnership were not transferred to the corporation until June 10, 1948, and that Mr. Mikelk didn't know whether the endorsement on the note was that of the partnership or that of the corporation but that it was Nork's signature. Although the Court stated in its findings that the proceeds of the note were credited to the account of Mikelk-Nork Equipment Co. still the report shows that there was testimony that the proceeds were credited to Mikelk-Nork *Equip.* Co. Of course, the Court did not have to believe the testimony but still he sets forth no testimony in the case showing it was credited to Mikelk-Nork Equipment Co. The plaintiff submitted 14 requests for rulings.

Requests No. 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 are not now applicable in the case due to the

Court finding that there was no fraud and there was no error in denying them.

The plaintiff's requests for rulings, No. 1, 2, 3, 4, were as follows:

No. 1. The evidence warrants a finding for the plaintiff.

No. 2. There is no evidence to warrant a finding for the defendant.

No. 3. The evidence warrants a finding that the plaintiff has sustained the burden of proof in regard to this action.

No. 4. There is evidence to warrant a finding that the defendant has failed to sustain the burden of proof.

The Court denied all four requests as not being in accordance with the findings of fact. But in the Court's findings of fact he states that he is unable to find that the endorsement on the note was that of the partnership or that the credit of the proceeds of the note as given to the partnership account. However, as a matter of fact he finds in his subsidiary findings that the endorsement bore the genuine signature of Edward W. Nork and that Edward W. Nork was one of the partners of the partnership. *Bresnick* v. *Heath,* 292 Mass. 293.

The signature of any one partner for the purpose of the partnership's business including the execution in the partnership name of any instrument binds the partnership. G. L., C. 108A, § 9. The fact that the word "treas." appears after the name of Edward W. Nork in the endorsement in this case is not controlling as the addition of that title in this case could be considered merely description. *Plimpton* v. *Goodell,* 126 Mass. 119; *Bartlett* v. *Hawley,* 120 Mass. 92; G. L., c. 197, S. 42.

When the Court says that he is unable to find that credit of the proceeds of the note were given

to the partnership account he is in error to the extent that there was evidence that the proceeds were credited to the Mikelk-Nork Equip. Co. and if the Court had clearly kept before him the distinction between the word "Equip." and the word "Equipment" and had not been confused when and in what instances those words were actually used he could have found that the proceeds were credited to the partnership account.

Because of this and the law involved as above stated we feel that there was prejudicial error in the denial of the plaintiff's request number one, as there was evidence, which if believed, would have warranted a finding for the plaintiff. *A new trial should be ordered.*