Dohoney, J.
The plaintiffs Joseph C. Gaboury (hereinafter Gaboury) and Jean Marie Gaboury sued the defendant Richard M. Borghi d/b/a Carbo Distributors (hereinafter Borghi). The plaintiffs allege that on February 17,1987, Gaboury slipped and fell on snow and ice on the defendant’s premises. The plaintiff Jean Marie Gaboury sued the defendant for loss of her husband’s consortium.
At trial there was evidence tending to show that Gaboury made a delivery to the Borghi’s premises. He backed his tractor trailer unit up to a loading dock. The thirty-six foot trailer was parked parallel to a wall of approximately the same length. The effect was that when Gaboury exited the cab of the tractor and walked towards the rear of the trailer, he was surrounded by the wall of the building and the side of the trailer. The path between them was approximately three and one-half to four feet wide. The rear of the trailer was parked against the loading deck. At the rear of the tractor trailer was a set of stairs leading to the loading dock platform. Gaboury walked from his cab towards the rear of the tractor trailer. When he was approximately seven to eight feet from the loading dock, he slipped and fell on a bank of snow and ice.
Gaboury had previously made deliveries to the premises and had used the same loading dock. He was aware that there was a side entrance available for his use. He had a previous history of injury to his left knee. On the day in question he did not check outside of the tractor to see if there was any snow or ice on the ground and did not look for an alternative path before exiting the cab. When Gaboury stepped out of the cab he stepped into about two to three inches of snow. He could have walked around the front of the truck to avoid the snow and ice, but he chose not to do so.
When Gaboury was standing on the runner of the cab, Michael Borghi yelled to Gaboury to use the side entrance because the rear stairs were icy. Gaboury appeared to acknowledge this instruction with a wave of his right hand. However, Gaboury did walk between the wall and the trailer on the snow and ice and fell about four feet from the stairs.
The Trial Justice found for the plaintiffs for a total of $44,296.00.
Before final argument the defendant filed the following Requests for Rulings of Law:
1. The evidence is insufficient as a matter of law to warrant a finding for the plaintiffs.
2. The evidence warrants a finding for the defendant.
The Trial Justice denied each of these Requests. The Trial Justice did not make any findings of fact
*78 Thereafter Borghi filed a Request for a Report After a hearing on the Draft Report, the Trial Justice filed Corrected Rulings of Law on defendant’s requests. The Corrected Rulings are as follows:
1. Allowed, but court did not so find.
2. Allowed, but court did not so find.
Borghi claims error in the denial of his request that the evidence warranted a finding for him. He also claims error in the sua sponte action of the Trial Justice in “correcting” his actions on the rulings move than ten days after the judgment.
Borghi is correct in his first contention as to Request No 2. This was a garden variety request. An appropriate discussion as to the proper method for dealing with this type of request is contained in PERLIN AND CONNORS, HANDBOOK OF CMLPROCEDUREINTHE MASSACHUSETTS DISTRICTCOURTS.XI (3) (b) (ii) (1980 Supp. 1985). Suffice it to say that a denial of a “warrants” request is the statement of the judge that there is no evidence upon which a finding for Borghi could be based. The language of Gauvin v. Clark, 404 Mass. 450 (1989) is appropriate.
If a party requests from a District Court judge a ruling of law that “the evidence warrants a finding’ of a particular fact, even if the judge does not himself believe the fact to be true, the judge should allow the request as long as there is sufficient evidence from which a rational fact finder could determine thatthe fact is true. The ju dge also may state that he or she does not so find. See DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 102-103 (1975), quoting Bresnick v. Heath, 292 Mass. 293, 296 (1935).
Here there is evidence upon which the Trial Justice could have found for the defendant. For example, he could have found that Michael Borghi yelled to Gaboury to use the side entrance because the rear stairs were icy.
This is not a case where the Request was immaterial since the Trial Justice did not make findings of fact
The Trial Justice apparently realized the error and made the “corrected rulings.” In the Corrected Rulings Request No. 2 was “Allowed, but court did not so find.” Borghi contends that the Trial Justice was without authority to make corrected rulings of law.
It is not necessary for us to decide whether the Trial Justice could correct his actionon the rulings since the Trial Justice also corrected Request No. 1 which read “The evidence is insufficient as a matter of law to warrant a finding for the plaintiffs.” This was originally denied but was changed to “Allowed, but court did not so find.” Once again, the action of the Trial Justice is a statement that there is not sufficient evidence to find for the plaintiffs. However, he rendered a finding for them. This requires reversal because there were no special findings of fact upon which to base a finding for the plaintiffs.
Gaboury asserts that Borghi’s Requests for Rulings of Law are in effect requests “upon all the evidence” and that this is a case admitting of specification. If this were true, no appeal would lie as of right pursuant to DisL/Mun. Cts. R. Civ. P., Rule 64(b). We feel that review is appropriate in this case.
Accordingly, the Report is Allowed, the Judgment is reversed, and the matter is remanded to the Worcester Division for a new trial.