Spurlock, J.
This action arises out of the defendants’ failure to pay monies owed pursuant to the terms of certain promissory notes and guaranties. On November 30, 1993, judgment on liability pursuant to Mass.R.Civ.P. 33(a) entered against Robert W. Sanders and Harley W. Waite, Jr. This matter is now before the court on the plaintiffs motion for summary judgment as to the remaining defendants pursuant to Mass.R.Civ.P. 56(c). For the reason set forth below, the plaintiffs motion is allowed.
BACKGROUND
The following facts are not in dispute: On December 20, 1984, G. Shepard Bingham (“Shepard") and Harley W. Waite (“Harley”), as trustees of Pinewood Realty Trust (“Pinewood”), executed and delivered to Bank Five For Savings (“Bank Five”) a $2,600,000.00 promissory note (“Pinewood Note”). Monthly installments of $29,822 00 were to be paid on the 20th day of each month beginning January 20, 1985 and all unpaid balances were to be paid within two years. In connection with the Pinewood Note, Shepard and Harley as trustees of Pinewood also executed on the same day, a real estate mortgage and security agreement. In addition, on the same day Andrea B. Bingham (“Andrea”), Shepard, Harley, and Suzanne B. Waite (“Suzanne”) executed a guaranty of the obligations of Pinewood. On August 27, 1986, the Pinewood Note was amended to lower the interest rate. Bank Five extended the Pinewood Note on a demand basis up to October 1,1991. On September 20,1991, Bank Five and Sterling Bank entered into an assignment of mortgage, *162 assignment of leases and rentals, financing statements and security documents. Shepard, Harley, Andrea and Suzanne defaulted on the above-mentioned loan agreements. The last payment on the Pinewood Note was on October 19, 1992 in the amount of $31,044.95. On December 2, 1992, Sterling Bank sent demand letters to Shepard, Andrea, Harley and Suzanne. Despite Sterling Bank’s demands for payment, Shepard, Andrea, Harley and Suzanne have failed to pay the amounts due on the notes or guaranties.
On September 25, 1986, Shepard and Harley, as trustees of Oshkosh Realty Trust (“Oshkosh"), executed and delivered to Bank Five a $6,200,000.00 promissory note (“Oshkosh Note”). Monthly installments of interest only were to be paid on the 25th day of each month beginning October 25, 1986, and all unpaid balances were to be paid within two years. In connection with the Oshkosh Note, Shepard and Harley as trustees of Oshkosh also executed on the same day a real estate mortgage and security agreement. Also, on the same day, Shepard, Harley, Sanders and John G. Ell (“Ell”) executed a guaranty of the obligations of Oshkosh. Bank Five extended the Oshkosh Note on a demand basis up to October 1, 1991. On September 20, 1991, Bank Five and Sterling Bank entered into an assignment of leases and rentals, financing statements and security documents. Shepard, Harley, Ell and Sanders defaulted on the above-mentioned loan agreements. The last payment on the Oshkosh Note was on July30,1992in the amount of $75,249.34. On October 26,1992, Sterling Bank sent demand letters to Shepard, Harley, Sanders and Ell. Despite Sterling Bank’s demands for payment, Shepard, Harley, Sanders and Ell have failed to pay the amounts due on the notes or guaranties.
DISCUSSION
Summaiy judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). A party moving for sum-maiy judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass 207, 209 (1989).
Under G.L.c. 106, §3-307, once a plaintiff produces an instrument and establishes the genuiness of the defendant’s signature, the plaintiff is entitled to recover unless the defendant establishes a defense. G.L.c. 106, §3-307(2); Guiness Import Company v. Guy Destefano Jr., 25 Mass.App.Ct. 366, 366-67 (1988). The record clearly indicates that Shepard, as trustee of Pinewood, signed the Pinewood Note as maker; that Andrea, Shepard and Suzanne guaranteed the note; that Shepard defaulted on the Pinewood Note; and that the entire unpaid balance on the Pinewood Note is now due. The record also clearly indicates that Shepard, as trustee of Oshkosh, signed the Oshkosh Note as maker; that Shepard and Ell guaranteed the note; that Shepard defaulted on the Oshkosh Note; and that the entire unpaid balance on the Oshkosh Note is now due. Thus, Sterling Bank is entitled to summaryjudgment under Mass.R.Civ.P. 56(c) unless the defendants, by proper affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. Guiness Import Company, supra at 366-67 (citations omitted).
The following three defenses are set forth in the defendants’ affidavits filed in opposition to the plaintiffs motion for summaiy judgment: absence of Harley W. Waite, Jr.’s signature on the Oshkosh Note, lack of enforcement, and violation of The Equal Credit Opportunity Act. Each defense is discussed below.
Absence of Harley W. Waite, Jr.’s Signature on the Oshkosh Note
Harley and Shepard were the sole trustees of Oshkosh Realty Trust. When the Oshkosh Note was executed only Shepard signed the note. In defendants Andrea, Shepard and Ell’s opposition to the plaintiffs motion for summary judgment, they allege that the absence of Harley’s signature on the Oshkosh Note results in the note being unenforceable against the guarantors. The plaintiff contends that the presence or absence of Harley’s signature on the Oshkosh Note does not affect the liability of the guarantors. In Massachusetts, one trustee can act on behalf of the trust if his actions are ratified by the other trustees. Bower v. Farley, 256 Mass. 19, 19-23 (1926).
In the instant action, the record indicates that Harley ratified the Oshkosh Note. Although Harley did not sign the Note in his capacity as maker, he did sign the note in his capacity as guarantor. His name appears on the face of the note and he executed a real estate mortgage and security agreement to secure the note. He also signed a separate guaranty in connection with the note. Harley knew about the note, permitted the note to remain outstanding and did not object to Shepard making payments on the note. These actions demonstrate that Harley ratified the note. Bowen, *163 supra at 19-23. Accordingly, the absence of Harley’s signature does not result in the note being unenforceable against the guarantors.
Lack of Enforcement
Defendants Andrea, Shepard and Ell raise a second affirmative defense in their opposition to the plaintiffs motion for summary judgment. The defendants allege that Sterling Bank failed to enforce payment of the Pinewood Note and the Oshkosh Note “in accordance with the original tenor and maturity of said Note[s] and as a result the plaintiff allowed the value of the collateral securing the Notes to decrease causing harm to the guarantors.” The defendants maintain that this lack of enforcement shields them from liability as guarantors of the notes. This court disagrees. Both the Pinewood Guaranty and Oshkosh Guaranty state in relevant part:
This guaranty shall not be affected in any manner whatsoever by any modification or alteration of the Agreements or of the Obligations, by any extension or postponement of the time of payment of any of the Obligations, by any other indulgence relating thereto, by any substitution, exchange or release of security, by any addition or release of any party or person primarily or secondarily liable or by any compromise or settlement granted, permitted or made by the Bank, to all of which the undersigned hereby assent and waive notice thereof. The undersigned further waive presentment, demand, notice, protest and all other demands and notices in connection with execution, delivery, acceptance, performance, default or enforcement of or under any of the Agreements, the Obligations and this Guaranty.
Thus, the guarantor’s liability is not affected by any modification of the notes because they assented to such. In addition, the guarantors waived their rights to notice of any modification. “A consent to extension, expressed in the instrument, is binding on secondary parties and accommodation makers.” G.L.c. 106, §3-118(F). Accordingly, the guarantors, as a matter of law, are liable to Sterling Bank notwithstanding the fact that Sterling Bank extended the time of payment of the notes.
Violation of the Equal Credit Opportunity Act
In their third affirmative defense, defendants Andrea, Shepard, Ell and Suzanne argue that the plaintiff violated the Equal Credit Opportunity Act (“ECOA”) barring the plaintiff from enforcing the loan agreements against Suzanne and Andrea. The ECOA makes it unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction on the basis of marital status. 15 U.S.C. §1691 et seq. “The ECOA and [its implementing Regulation B] limit the circumstances under which a creditor may require the spouse of a debtor to guarantee the debtor’s obligation to the creditor.” Boatman’s First Nat. Bank of Kansas City v. Koger, 784 F.Supp. 815, 815 (D.Kan 1992). However, prior to October 1, 1986, a guarantor did not have standing as an applicant under the ECOA. Id. at 816. On October 1, 1986, Regulation B was amended to expand the definition of an “applicant” to include guarantors. Id.
In the instant action, Andrea and Suzanne executed the guaranties on December 20, 1984, approximately twenty-one months prior to the effectiveness of the revised Regulation B. Accordingly, the defendants do not have standing to challenge the guaranties under ECOA and Regulation B. See Sam v. United States, 682 F.2d 925 (1982) (when a new regulation overrules prior law, the new regulation will not be given retroactive effect).
ORDER
For the foregoing reasons it is hereby ORDERED that the plaintiffs Motion for Summary Judgment on Counts I through IV is ALLOWED as to G. Shepard Bingham, as trustee of Pinewood Really Trust, Andrea B. Bingham, G. Shepard Bingham and Suzanne B. Waite, as guarantors of the Pinewood Note, G. Shepard Bingham, as trustee of Oshkosh Realty Trust and G. Shepard Bingham and John G. Ell, as guarantors of the Oshkosh Note.