Aguiar, J.
This appeal raises the issue of whether the Court erred in allowing requests of law phrased as “the evidence warrants a finding for the defendants” and then malting findings and a judgment in favor of the plaintiffs.
We find no error.
This case deals with negligence in the placement of a house in violation of wet land restrictions.
The facts are as follows:
Plaintiffs hired the defendant McKenna, a general contractor, to build a house and gave him a copy of a survey of the land done by a land surveyor named William Taylor who worked for Campbell/Smith Company. That survey was incorrect. McKenna arranged for defendant Oldham and Hos Engineering to perform surveying services as well. Hos Engineering and defendant Oldham revised the site plan for the plaintiffs and submitted it to the Conservation Commission. The conditions were that the dwelling was to be 53 feet from the seaward edge of the coastal *172 bank. Both defendants were aware of these conditions that required that the dwelling be no closer than 53 feet from the top of the coastal bank. Defendant Oldham certified that the foundation did not violate any building or zoning regulations of the Town of Bourne. In fact, the foundation was built 43 feet from the seaward edge of the coastal bank. A cease and desist order was issued prohibiting further construction on April 12,1988. As a condition for the house to be built the plaintiffs were required to construct and implement a vegetation stabilization program. Suit was instituted by the plaintiffs on April 12,1991 within the three years required by the Statute of Limitations for a tort. The court found for the plaintiffs against both defendants in the amount of $20,000.
Defendants made numerous requests for rulings of law which were allowed by the trial judge. Those requests were phrased as follows: “the evidence warrants a finding for the defendants.” Then the trial court found for the plaintiffs. Defendants argue that the trial court’s conclusions of law are inconsistent with the judgment entered by the Court and therefore the judgment must be set aside.
We find no error.
While the trial judge could have made his rulings more clear by allowing the “warrant findings” but adding “but I do not so find,” it was not necessary to do so. A judge may rule that the evidence, if believed, warrants a finding for a party without so finding that as a fact. To allow a warrants request would not require a finding in favor of the requesting party, but would “simply mean that there is sufficient evidence upon which the court could rule in that party’s favor. The Court should deny such a warrants request only if there is insufficient evidence as a matter of law to support that finding.” (See Reporters Notes, Mass. R. Civ. P., Rule 64A.)
The Court, even if it allows the Ruling can still properly find against the requesting party. (Reporters Notes, Mass. R. Civ. P., Rule 64A.)
Conversely, the effect of denying the warrants is to rule that the requesting party has submitted no evidence upon which, as a matter of law, a finding could enter in its favor. Bresnick v. Heath, 292 Mass. 293, 198 N.E. 175 (1935). Evidence in a case may warrant a finding for both sides depending on what the judge finds as a fact. If the request for rulings of law had been phrased as follows: “The evidence requires a finding for the defendants,” and they were allowed by the trial judge then a judgment for the plaintiffs would be inconsistent and have to be set aside. But that was not the case here.
When defendant McKenna requested a ruling of law that was a required finding against the plaintiffs as evidenced by request #26 — “The evidence at trial is not sufficient to warrant a finding for the plaintiffs against McKenna in this action” — it was denied by the judge.
When the judge ruled that the evidence warrants a finding that McKenna did not breach any duty owed to the plaintiffs he did not find that as a fact. This was merely a request for a ruling of law based on facts alleged by McKenna. The judge could have found that the facts alleged were true but he did not do so. The judge specifically found as a fact that McKenna breached a duty owed to the plaintiffs and the judgment for the plaintiffs is consistent with that position.
When the judge ruled that the evidence warrants a finding that the plaintiffs suffered no damages he did not find that as a fact. He could have but he didn’t. The judgment shows that he found that the damages were $20,000.
The Statute of Limitations does not bar this action. Plaintiffs relied on the defendants who were professionals to comply with the law in building their home. The cease and desist order was granted on April 12,1988. That was the date the plaintiffs became aware of the negligence of the defendants. This suit was commenced on April 12,1991 — within the three years for tort actions. Ciampa v. January, 1992 Mass. App. Div. 204 and Dist./Mun. Cts. R. Civ. P., Rule 6(a).
The trial judge was not inconsistent at all in his findings and judgment. The *173 judge found that both defendants performed professional services for the plaintiffs. He specifically found that both defendants were aware of the Conservation Order that required the dwelling to be no closer than 53 feet from the top of the coastal bank. He found that McKenna never measured the lot to determine if the foundation was now closer than 53 feet from the top of the coastal bank as required by the order of conditions.
The judge found the defendant McKenna negligent in his placing the house in its location knowing or should having known, that the location was in violation of the original order of conditions.
The judge found the defendant Oldham negligent in drafting and certifying the foundation plan, specifically the dimension from the foundation to the coastal bank. He also found that defendant Oldham was the land surveyor who prepared the site plan for the plaintiffs.
The Trial Court found that the plaintiffs were required to construct and implement a vegetation stabilization program because of the negligence of the defendants, and finally the judge found the damages to the plaintiffs to be $20,000 and the defendants to be jointly and severally liable for said damages.
The judge’s findings were clear and amply supported by the evidence.
We find no error. The appeal is dismissed.