**Jean MAYES, Plaintiff, Appellant,**

v.

**CHRYSLER CREDIT CORPORATION, Defendant, Appellee.**

No. 98–1253.

United States Court of Appeals, First Circuit.

Heard Sept. 11, 1998.

Jan. 22, 1999.

See also: 37 F.3d 9.

**676**

Christopher C. Trundy with whom Law Offices of Christopher C. Trundy was on brief for appellant.

Jonathan D. Deily with whom Deily, Dautel & Mooney, LLP was on brief for appellee.

Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.

BOUDIN, Circuit Judge.

This case arises out of an action by Jean Mayes to enjoin the collection of a debt owed by his former wife, Michele Mayes, to Chrysler Credit Corporation ("Chrysler"). Jean Mayes has an interest in the case because he agreed, in the divorce agreement, to indemnify Michele Mayes for any payments she is required to make to Chrysler. The balance of the case is a protracted, but unsuccessful, effort by Jean Mayes to show that he is entitled to resist the collection of a debt owed by his wife.

The facts are not unduly complicated. Having purchased a Nantucket car dealership in 1984, Jean Mayes entered into a continuing financing arrangement in May 1985 with Chrysler in order to finance the dealership's car inventory. The "borrower" was the dealership, but Chrysler required Jean Mayes and Michele Mayes to sign a guarantee making them each individually liable for the dealership's debts to Chrysler.

Jean Mayes was the president and sole shareholder of the company, and we will assume without deciding (the issue has not been addressed) that he would be regarded as an "applicant" for the loan under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* His wife had an independent career as a corporate attorney with only secondary connections to the dealership: she owned or co-owned the land rented to the dealership and was listed as a director and officer, although she says that she did not participate in the management.

Whether requiring her to guarantee the loans violated ECOA has never been decided. The statute makes it unlawful, *inter alia,* for any lender "to discriminate against any applicant . . . on the basis of . . . sex or marital status," 15 U.S.C. § 1691(a)(1), and it was a purpose of the statute to prevent loans from being conditioned automatically on the securing of the signature of the non-borrowing spouse. Chrysler says it had justification that made its conditioning lawful; the Mayeses have asserted the contrary. No court has yet found it necessary to resolve this dispute, which almost certainly involves factual issues.

The dealership did not pay its debt to Chrysler and in December 1990 Chrysler sued the dealership and Michele Mayes in federal district court for approximately $750,-000. Jean Mayes was not sued, apparently because by then he had entered bankruptcy proceedings. One of Michele Mayes's defenses was that the guarantee secured from her was in violation of ECOA. The district court bypassed this defense as inadequately asserted; on appeal this court chose to address the ECOA defense but rejected it because the regulations expressly withheld the defense from guarantors.

ECOA has been implemented by regulations of the Federal Reserve Board. At the time of the loan in May 1985, the person protected under ECOA—the "applicant"—was defined by the Board's regulations to exclude guarantors from the definition of "applicant." The Board thereafter revised its regulation effective October 1, 1986, to

include guarantors as applicants, 12 C.F.R. § 202.2(e). However, Michele Mayes did not claim that the regulation applied retroactively to her case, and at least one court had held that the regulation was not retroactive. *Boatmen's First Nat'l Bank v. Koger,* 784 F.Supp. 815 (D.Kan.1992).

On the original appeal, this court held that under the original regulation Michele Mayes, as a guarantor, had neither a claim nor a defense under ECOA's civil liability provisions, which make the lender who violates the statute liable for damages and equitable relief in favor of "the aggrieved applicant." 15 U.S.C. §§ 1691e(a), (c). *See Mayes v. Chrysler Credit Corp.,* 37 F.3d 9, 11–12 (1st Cir.1994). Rejecting various other arguments offered by Mayes, we upheld the judgment entered against her in the district court.

Jean Mayes then brought the present action in the same federal district court seeking to enjoin Chrysler from collecting on the judgment against Michele Mayes. His theory, briefly put, was that Chrysler had violated ECOA in conditioning the loan on Michele's signature, that Jean Mayes as an applicant did have standing even under the original regulation, and that his own prospective injury—liability to his former wife under the indemnification agreement—traced back to the unlawful act of Chrysler in securing the guarantee.

The district court granted summary judgment in favor of Chrysler on the ground that the violation of ECOA, if there was one, occurred in May 1985 when the loan was made and the guarantee secured. ECOA has an explicit statute of limitations on damage or equitable relief providing (with one here irrelevant exception) that "[n]o such action shall be brought later than two years from the date of the occurrence of the violation...." 15 U.S.C. § 1691e(f). We address the statute of limitations issue with special care, because we have today endorsed an exception to the statute of limitations unknown to the district court. *See Bolduc v. Beal Bank,* No. 98–1285, 1st Cir., slip op. at 8–10, 167 F.3d 667, 672–673.

The exception to the statute of limitations is based on the common-law doctrine of recoupment. At a time when counter-claims were unknown, the courts permitted a debtor who was sued in a transaction to assert as a "defense" a claim against the creditor growing out of the same transaction up to the amount of the primary claim asserted by the creditor. On the grounds of fairness, such recoupment was permitted even if the statute had run on the debtor's claim against the creditor and could not have been asserted independently in a lawsuit by the debtor against the creditor. *See* 6 Arthur Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1401 (2d ed.1990).

As a procedural device, recoupment (and its sister "set-off") has largely been superseded by the counter-claim provisions of the Federal Rules of Civil Procedure, but the use of recoupment to avoid the statute of limitations continues to endure. Recoupment doctrine might seem an archaic reason for avoiding a statute of limitations explicitly adopted by Congress, but the exception makes some practical sense in certain cases under ECOA. The paradigm case is the spouse who is wrongly made to co-sign or guarantee a debt but may be unconscious of the violation and lack any incentive to assert the defense until actually sued on the note or guarantee which may well be more than two years after the original violation. *See, e.g., Integra Bank/Pittsburgh v. Freeman,* 839 F.Supp. 326, 329 (E.D.Pa.1993).

■ In *Bolduc,* we have now agreed that the statute of limitations can be avoided where the claim of an ECOA violation can be brought within the recoupment doctrine. It is not clear whether traditional recoupment permitted claims for injunctive relief; the doctrine itself evolved over time. *See* 6 Wright, Miller & Kane, *supra,* § 1401. In *Bolduc,* we have ruled that in at least some circumstances affirmative equitable relief might be regarded as the equivalent of a preemptively asserted recoupment defense (*e.g.,* where as a practical matter a preemptive equitable suit was the only way to assert the recoupment defense). *See Bolduc,* op. at 8–10, 167 F.3d at 672–673.

However, this is not a case where recoupment may be applied to avoid the statute of limitations. Recoupment is a defense by a debtor against a claim brought against him by his *own* creditor. Here, the creditor (Chrysler) has made no claim against Jean Mayes. Chrysler's claim was against Michele Mayes, and this court decided that she may not assert an alleged ECOA violation as a defense. Therefore, recoupment could not be used to save Jean Mayes's claim against Chrysler—if, indeed, he had one—from the two-year ECOA statute of limitations unless and until Chrysler brought or threatened a suit against Jean Mayes himself.

Furthermore, even if Jean Mayes's suit were not barred by the statute of limitations, he has no claim for damages or injunctive relief under ECOA for harm done to his wife. If anyone was injured by requiring Michele Mayes to sign the guarantee, it was she and not Jean Mayes, who after all received the loan he had sought.[1] Jean Mayes has chosen to indemnify Michele Mayes but that was Jean Mayes' own choice. ECOA does not itself give a claim to someone who was not himself harmed by a violation but chooses to indemnify another who has suffered such harm.

Often an indemnifier would, by agreement or operation of law, seek to subrogate himself to any claim that the indemnified party might have against the creditor, but that path is not open to Jean Mayes in this case. From the timing of our earlier decision holding that Michele Mayes had no recognizable claim, Jean Mayes likely knew of this ruling before he agreed to indemnify his wife in the divorce settlement. In all events, he cannot enforce his former wife's claim because she has none.

*Affirmed.*

---

[1]. Even a party who has received a loan might still be damaged by requiring a spouse to sign—or so some courts have held in allowing damages to the applicants' credit reputation or, more surprisingly, for emotional distress. *See Fischl v.* *General Motors Acceptance Corp.*, 708 F.2d 143, 148 (5th Cir.1983). But even if these cases were followed, they allow the applicant to recover only for harm to him.