USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1253

 JEAN MAYES,

 Plaintiff, Appellant,

 v.

 CHRYSLER CREDIT CORPORATION,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Patti B. Saris, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 
 Boudin and Stahl, Circuit Judges. 
 

 Christopher C. Trundy with whom Law Offices of Christopher C.
Trundy was on brief for appellant.
 Jonathan D. Deily with whom Deily, Dautel & Mooney, LLP was on
brief for appellee.
 
 

January 22, 1999

 
 

 BOUDIN, Circuit Judge. This case arises out of an action
by Jean Mayes to enjoin the collection of a debt owed by his former
wife, Michele Mayes, to Chrysler Credit Corporation ("Chrysler"). 
Jean Mayes has an interest in the case because he agreed, in the
divorce agreement, to indemnify Michele Mayes for any payments she
is required to make to Chrysler. The balance of the case is a
protracted, but unsuccessful, effort by Jean Mayes to show that he
is entitled to resist the collection of a debt owed by his wife.
 The facts are not unduly complicated. Having purchased
a Nantucket car dealership in 1984, Jean Mayes entered into a
continuing financing arrangement in May 1985 with Chrysler in order
to finance the dealership's car inventory. The "borrower" was the
dealership, but Chrysler required Jean Mayes and Michele Mayes to
sign a guarantee making them each individually liable for the
dealership's debts to Chrysler.
 Jean Mayes was the president and sole shareholder of the
company, and we will assume without deciding (the issue has not
been addressed) that he would be regarded as an "applicant" for the
loan under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. 
1691 et seq. His wife had an independent career as a corporate
attorney with only secondary connections to the dealership: she
owned or co-owned the land rented to the dealership and was listed
as a director and officer, although she says that she did not
participate in the management.
 Whether requiring her to guarantee the loans violated
ECOA has never been decided. The statute makes it unlawful, inter
alia, for any lender "to discriminate against any applicant . . .
on the basis of . . . sex or marital status," 15 U.S.C. 
1691(a)(1), and it was a purpose of the statute to prevent loans
from being conditioned automatically on the securing of the
signature of the non-borrowing spouse. Chrysler says it had
justification that made its conditioning lawful; the Mayeses have
asserted the contrary. No court has yet found it necessary to
resolve this dispute, which almost certainly involves factual
issues.
 The dealership did not pay its debt to Chrysler and in
December 1990 Chrysler sued the dealership and Michele Mayes in
federal district court for approximately $750,000. Jean Mayes was
not sued, apparently because by then he had entered bankruptcy
proceedings. One of Michele Mayes's defenses was that the
guarantee secured from her was in violation of ECOA. The district
court bypassed this defense as inadequately asserted; on appeal
this court chose to address the ECOA defense but rejected it
because the regulations expressly withheld the defense from
guarantors.
 ECOA has been implemented by regulations of the Federal
Reserve Board. At the time of the loan in May 1985, the person
protected under ECOA--the "applicant"--was defined by the Board's
regulations to exclude guarantors from the definition of
"applicant." The Board thereafter revised its regulation effective
October 1, 1986, to include guarantors as applicants, 12 C.F.R. 
202.2(e). However, Michele Mayes did not claim that the regulation
applied retroactively to her case, and at least one court had held
that the regulation was not retroactive. Boatmen's First Nat'l
Bank v. Koger, 784 F. Supp. 815 (D. Kan. 1992).
 On the original appeal, this court held that under the
original regulation Michele Mayes, as a guarantor, had neither a
claim nor a defense under ECOA's civil liability provisions, which
make the lender who violates the statute liable for damages and
equitable relief in favor of "the aggrieved applicant." 15 U.S.C.
 1691e(a), (c). See Mayes v. Chrysler Credit Corp., 37 F.3d 9,
11-12 (1st Cir. 1994). Rejecting various other arguments offered
by Mayes, we upheld the judgment entered against her in the
district court.
 Jean Mayes then brought the present action in the same
federal district court seeking to enjoin Chrysler from collecting
on the judgment against Michele Mayes. His theory, briefly put,
was that Chrysler had violated ECOA in conditioning the loan on
Michele's signature, that Jean Mayes as an applicant did have
standing even under the original regulation, and that his own
prospective injury--liability to his former wife under the
indemnification agreement--traced back to the unlawful act of
Chrysler in securing the guarantee.
 The district court granted summary judgment in favor of
Chrysler on the ground that the violation of ECOA, if there was
one, occurred in May 1985 when the loan was made and the guarantee
secured. ECOA has an explicit statute of limitations on damage or
equitable relief providing (with one here irrelevant exception)
that "[n]o such action shall be brought later than two years from
the date of the occurrence of the violation . . . ." 15 U.S.C. 
1691e(f). We address the statute of limitations issue with special
care, because we have today endorsed an exception to the statute of
limitations unknown to the district court. See Bolduc v. Beal
Bank, No. 98-1285, 1st Cir., slip op. at 8-10. 
 The exception to the statute of limitations is based on
the common-law doctrine of recoupment. At a time when counter-
claims were unknown, the courts permitted a debtor who was sued in
a transaction to assert as a "defense" a claim against the creditor
growing out of the same transaction up to the amount of the primary
claim asserted by the debtor. On the grounds of fairness, such
recoupment was permitted even if the statute had run on the
debtor's claim against the creditor and could not have been
asserted independently in a lawsuit by the debtor against the
creditor. See 6 Wright, Miller & Kane, Federal Practice and
Procedure 1401 (2d ed. 1990).
 As a procedural device, recoupment and (its sister "set-
off") have largely been superseded by the counter-claim provisions
of the Federal Rules of Civil Procedure, but the use of recoupment
to avoid the statute of limitations continues to endure. 
Recoupment doctrine might seem an archaic reason for avoiding a
statute of limitations explicitly adopted by Congress, but the
exception makes some practical sense in certain cases under ECOA. 
The paradigm case is the spouse who is wrongly made to co-sign or
guarantee a debt but may be unconscious of the violation and lack
any incentive to assert the defense until actually sued on the note
or guarantee which may well be more than two years after the
original violation. See, e.g., Integra Bank/Pittsburgh v. Freeman,
839 F. Supp. 326, 329 (E.D. Pa. 1993).
 In Bolduc, we have now agreed that the statute of
limitations can be avoided where the claim of an ECOA violation can
be brought within the recoupment doctrine. It is not clear whether
traditional recoupment permitted claims for injunctive relief; the
doctrine itself evolved over time. See 6 Wright, Miller & Kane, supra, 1401. In Bolduc, we have ruled that in at least some
circumstances affirmative equitable relief might be regarded as the
equivalent of a preemptively asserted recoupment defense (e.g.,
where as a practical matter a preemptive equitable suit was the
only way to assert the recoupment defense). See Bolduc, op. at 8-
10.
 However, this is not a case where recoupment may be
applied to avoid the statute of limitations. Recoupment is a
defense by a debtor against a claim brought against him by his own 
creditor. Here, the creditor (Chrysler) has made no claim against
Jean Mayes. Chrysler's claim was against Michele Mayes, and this
court decided that she may not assert an alleged ECOA violation as
a defense. Therefore, recoupment could not be used to save Jean
Mayes's claim against Chrysler--if, indeed, he had one--from the
two-year ECOA statute of limitations unless and until Chrysler
brought or threatened a suit against Jean Mayes himself.
 Furthermore, even if Jean Mayes's suit were not barred by
the statute of limitations, he has no claim for damages or
injunctive relief under ECOA for harm done to his wife. If anyone
was injured by requiring Michele Mayes to sign the guarantee, it
was she and not Jean Mayes, who after all received the loan he had
sought. Jean Mayes has chosen to indemnify Michele Mayes but that
was Jean Mayes' own choice. ECOA does not itself give a claim to
someone who was not himself harmed by a violation but chooses to
indemnify another who has suffered such harm.
 Often an indemnifier would, by agreement or operation of
law, seek to subrogate himself to any claim that the indemnified
party might have against the creditor, but that path is not open to
Jean Mayes in this case. From the timing of our earlier decision
holding that Michele Mayes had no recognizable claim, Jean Mayes
likely knew of this ruling before he agreed to indemnify his wife
in the divorce settlement. In all events, he cannot enforce his
former wife's claim because she has none.
 Affirmed.