Crimmins, J.
This is a civil action sounding in contract based on an overpayment of a promissory note and the failure to refund the overpayment.
Following the trial, the court found that the plaintiff overpaid fourteen thousand six hundred and ninety-five ($14,695.00) dollars to the defendants, and awarded interest from the date of filing its claim. Additionally, the court found that the defendants violated G.Lc. 93A in refusing to release the mortgage on the property securing the note after the note was paid. The plaintiff argued in a motion to alter *21 or amend judgment, see Rule 59(e), Mass. R. Civ. R, that the award of interest should have been calculated from the date of the overpayment of the note. The plaintiff appealed the denial of this motion pursuant to Dist./Mun. Cts. R. A D. A, Rule 8A.
There was no error.
The defendants also appeal pursuant to Dist./Mun. Cts. R. A D. A, Rule 8A, and cite three issues as a basis of appeal. First, whether G.L.c. 106, §3-401 bars liability under the promissory note because they never actually signed the note. Secondly, whether the statute of limitations bars a claim under G.Lc. 93, §5A and whether the transaction qualifies as a business relationship. Thirdly, whether a warrants request was improperly denied.
There was no error.
The facts and issues necessary to an understanding of this case are taken from an agreed statement of the facts. Procedurally, the matter was submitted as a case stated. We summarize the facts as follows:
Plaintiff (“Post”) sought to develop a parcel of land in West Roxbury, Massachusetts by building condominium units. In order to finance this development, plaintiff borrowed funds from the defendants (“Kaitz”) in the original principal sum of One Hundred Thousand ($100,000) dollars. The loan was made in consideration of the execution of a promissory note by the plaintiff to the defendants. Said note was secured by a mortgage on the property in favor of the defendants as mortgagees. The mortgaged premises were the same premises being developed by the plaintiff. By terms of the note, the defendants were to receive the payment of the principal sum borrowed, in addition to interest at the rate of eighteen (18%) percent. Payments were due in installments each time the plaintiff sold a condominium unit. The last payment on the note was made May 4,1988, resulting in the overpayment which is the subject of the underlying civil action.
On or about April 1996, plaintiff, through counsel, demanded a discharge of the mortgage from the defendants. After certain correspondence between the parties, and a few refusals by the defendants to deliver a discharge, the defendants eventually forwarded a discharge on or about May 15,1996.
The refusals to deliver a discharge, as well as a demand for the return of the overpayment of the promissory note, comprise the allegations referenced in Counts III and IV of plaintiff’s complaint filed on July 3,1996.
We begin our discussion with the issue raised in plaintiffs appeal. Plaintiff argues that the judgment rate of interest should have been calculated from the date of the inadvertent overpayment on the promissory note, not the later date of plaintiffs filing his claim. A claim under a promissory note is grounded in contract. The interest on an award in contract is to be calculated from the date of breach or demand, if established; other-wise, the date of filing may be used. G.L.c. 231, §6C. Plaintiff argues that the date of the inadvertent overpayment is established and interest should be calculated from that date. However, the statute allows an award of interest from the date of the breach or demand, if established. G.Lc. 231, §6C. A review of the record reveals an absence of an established date of demand. Further, the plaintiff failed to advance an argument as to how the defendant breached the note by plaintiffs overpayment. We will not assume that the date of plaintiffs overpayment is equivalent to the statutory date of breach or demand. Because there is no established date of demand or breach it was within the trial judge’s sound discretion to use the date of filing to calculate the interest.
Turning our attention to the defendants’ appeal, there are three issues to address:
1. Defendants assign error by relying on G.Lc. 106, §3-401 in arguing that they are not liable under the promissory note because they never actually signed it. The judge found that the defendants had negotiated the note for their own benefit; *22 accepted payments on the note; and issued a discharge on the mortgage securing the note in question. Having benefitted from the payments made by the plaintiff, and conducting themselves as if the note was valid, the defendants are estopped from denying that they are payees of the note. See Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 19 (1997) (one cannot accept the benefits of a transaction and later repudiate it). See also Sterling Bank v. Bingham, 1994 WL 615241, *3 (Mass. Super.), 2 Mass. L. Rptr. 161 (1994) (note enforceable despite lack of signature where party knew of note, secured note with collateral, and accepted and retained payments under the note). The trial judge had sufficient evidence to find the defendants liable for plaintiff’s damages under the promissory note.
2. Defendants assert that a claim under G.L.c. 93A was both time barred and inapplicable as they maintain that the transaction does not qualify as a business relationship. As the note was signed under seal, a twenty year statute of limitations is applicable. Thus, the action is not time barred. G.L.c. 260, §1. Further, the relationship between the parties is a question of fact and the trial judge specifically found that although the parties were friendly, the transaction was business in nature. A judge’s findings of fact will not be disturbed unless they are clearly erroneous. Dicalogero v. Hingham Mutual Fire Ins. Co., 1998 Mass. App. Div. 67, 68 (1998). The defendants have not established that the findings were clearly erroneous.
3. Defendants appeal the denial of a warrants request.[3] The “warrants” request tests the sufficiency of the evidence presented by the party and should only be denied if there is insufficient evidence as a matter of law to support that finding. Kennedy v. Oldham, 1997 Mass. App. Div. 171, 172 (1997), citing Reporters Notes, Mass. R. Civ. R, Rule 64A However, the denial of the defendants’ request is immaterial since the trial judge made specific findings of fact, which “show that his decision is not the result of any ruling that the evidence is insufficient as [a] matter of law.” DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 104 (1975), quoting Liberatore v. Framingham, 315 Mass. 538, 541-42 (1944). See also Gauvin v. Clark, 404 Mass. 450, 457 (1989) (acknowledging that denial of such a request is irrelevant where specific findings of fact support court’s decision); Gaboury v. Borghi, 1990 Mass. App. Div. 77, 78 (1990).
For all of the above reasons we determine that there was no error. Appeal dismissed.
So ordered.

 The request read as follows, “Upon all the evidence presented, a finding for Kaitz is warranted.”